UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.: _____

JUDGE   : _____

HAKO-MED USA, INC., a
foreign corporation;  and
HAKO-MED GMBH, a foreign
Corporation.

      Plaintiffs,

vs.

AXIOM WORLDWIDE, INC., a
Florida Corporation; JAMES GIBSON,
Jr., and NICHOLAS EXARHOS,
Florida residents.

      Defendants.

_____/

## VERIFIED COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION  AND JURY DEMAND

Plaintiffs, HAKO-MED USA, INC. and HAKO-MED GMBH., sues Defendant

AXIOM WORLDWIDE, INC. (hereinafter referred to as "Axiom"), JAMES GIBSON JR.,

("Gibson"), and NICHOLAS EXARHOS, ("Exharos") and alleges:

## INTRODUCTORY STATEMENT

Hako-Med USA, Inc. and Hako-Med GMbh ( collectively referred to as "Hako-Med")

seek preliminary and permanent injunctive relief against, and damages resulting from, an

unlawful plan and actions by Axiom Worldwide, Inc., James Gibson Jr., President and CEO of Axiom, and Nicholas Exarhos, Executive Vice President of Axiom, to malign and damage Hako-Med and its products via infringing upon Hako-Med's intellectual property and patented technology embodied as Hako-Med's internationally patented Horizontal Therapy, the core of Hako-Med's product and what makes Hako-Med stand out in its niche industry. Defendants' patent infringement includes but is not limited to offering to sell a patented product containing patented technology which embodies Hako-Med's patented Horizontal Therapy, patent infringement of claims 1, 3, and 5 of Hako-Med's patented technology with respect to U.S Patent No. 5,573,552, and infringement of Plaintiff's trademark, VASOPULSE.

Hako-Med is a competitor of Defendant Axiom in a niche domestic and international pain management and electromedicine care market. The Plaintiffs, with their global headquarters located in Hamburg, Germany, have been incorporated and doing business as Hako-Med, since 1991. Defendant Axiom, with their global headquarters located in Tampa, Florida has been incorporated and doing business since 2001. Despite the fact that Hako-Med has been incorporated and doing business in the pain management and electromedicine care markets for ten (10) years longer than Axiom, Axiom continues to represent that many of their products, including the EPS8000/NVP8500 which *literally* infringes upon the Plaintiffs' 552 patent, and infringes upon Plaintiffs; trademark, VASOPULSE shown in U.S. Registration No. 2,390,719, represent a "breakthrough in electrical-stimulation therapy". The continued infringement of Plaintiff's 552 patent, and Plaintiffs' trademark, VASOPULSE by the Defendant will elicit consumer confusion as to

2

the source and/or sponsorship of the goods containing the patented and trademarked technology, and will continually take away from sales of the Plaintiffs' products.

This Complaint seeks damages against Defendant Axiom, which include damages as a result of Defendant Axiom willfully offering to sell a patented product, *literally and directly* infringing on Plaintiff Hako-Med's patented technology embodied in the 552 patent which encompasses the concepts of Hako-Med's patented Horizontal Therapy, Axiom's infringement of the Plaintiffs' trademark, VASOPULSE shown in U.S. Registration No. 2,390,719, which constitutes a pattern and practice of fraud on medical consumers and competitors globally, damages for violations of section 43 of the Lanham Act, 11 U.S.C. § 1125(a), damages for the violations of the Defendant Axiom with respect to the Racketeer Influenced and Corrupt Organization Act Violations embodied under 18 U.S.C. § 1962 (c), and damages for tortious interference with a business conspiracy and related civil conspiracy charges against both Gibson and Exarhos. Both Hako-Med USA, Inc., and Hako-Med GMbh have lost customers and customer revenue in excess of two point five ($2.5) million dollars. Hako-Med's sales are down approximately seventy six (76) ProElecDT2000/VasoPulse2000 units year to date as a direct and calculated result of the unlawful actions of the Defendants.

The Plaintiffs have standing to bring this action as they can show through the complaint, motion for preliminary injunction, memorandum of law in support and affidavits of Kai Hansjurgens and Dr. Achim Hansjurgens that the Plaintiffs have suffered an actual or threatened injury, that the injury is fairly traceable to the challenged conduct of the Defendants, and that the injury is likely to be redressed by a favorable ruling. See, <u>Florida Right to Life,</u>

Inc. v. Lamar, 273 F.3d 1318, 1322 (11th Cir. 2001).

## CITIZENSHIP & RESIDENCY

1.      Plaintiff, Hako-Med USA, Inc. ("Hako-med") is a foreign corporation organized and existing under the laws of the state of Hawaii, having its principal place of business at 1024 Puuwai Street Honolulu, Hawaii 96819-4330.

2.      Plaintiff, Hako-Med GMbh ("Hako-Med") is a foreign corporation organized and existing under the laws of Germany, having its principal place of business at Hamburg, Germany.

3.      Defendant, Axiom Worldwide, Inc. ("Axiom") is a Florida corporation organized and existing under the laws of the state of Florida, having its principal place of business at 9423 Corporate Lake Dr. Tampa, Florida 33634, within the territorial jurisdiction of the Tampa Division of the United States District Court for the Middle District of Florida. Defendant Axiom may be served with process by delivering a copy of the summons and complaint to an officer at the corporate address or by serving its registered agent, Joseph L. Shaheen, Jr. at 401 East Jackson Street, Suite 2400, Tampa, Florida 33602.

4.      Defendant James Gibson Jr. is a resident of the State of Florida and can be served with process at the corporate offices of Defendant Axiom at 9423 Corporate Lake Drive, Tampa, Florida 33634.  Defendant Gibson is the President and Chief Executive Officer of Defendant Axiom.

5.      Defendant Nicholas Exarhos is a resident of the State of Florida and can be served with process at the corporate offices of Defendant Axiom at 9423 Corporate Lake

Drive, Tampa, Florida 33634.   Defendant Exarhos is the Executive Vice President of
Defendant Axiom.

## JURISDICTION & VENUE

6.      This is an action for injunctive relief, patent infringement including direct
literal infringement and offering to sell a patented product containing patented technology
arising under the Patent Laws of the United States, Title 35, United States Code, trademark
infringement and trade dress infringement for infringing upon the Plaintiffs' trademark,
VASOPULSE shown in U.S. Registration No. 2,390,719, in violation of the Lanham Act, 15
U.S.C. §§ 1114, trade dress infringement in violation of Section 43 of the Lanham Act, 11
U.S.C. § 1125(a), violation of the Racketeer Influenced and Corrupt Organization Act arising
under 18 U.S.C. § 1962 (c), tortious interference with contract and business relations, civil
conspiracy to tortiously interfere with contract and business relations, malicious injury to
Plaintiffs' business, and civil conspiracy to maliciously injure Plaintiffs' business.

7.      The Court has jurisdiction over the claims in the Complaint herein below
pursuant to 28 U.S.C. §1331, (because several of the claims alleged herein arise under the
laws of the United States), under 28 U.S.C. § 1332 (because all Defendants are citizens of
states diverse from those of Plaintiffs and the amount in controversy is in excess of $75,000,
exclusive of interest and costs), and under 28 U.S.C. § 1367.   This Court has personal
jurisdiction over the Defendants because each has either in person or through an agent, in
connection with the factual allegations of this lawsuit (1) transacted business within Florida,
(2) committed a tortuous act or omission in this state or committed a tortuous injury in this

state caused by an act or omission outside this state, and/or (3) engaged in a persistent course of conduct and has derived revenues from goods used or consumed or services rendered in Florida.

8.      Venue is proper in the United States District Court for the Middle District of Florida, Tampa Division, under 28 U.S.C. §§1391-(b)-(c) and 1400(b) as the Defendant Axiom Worldwide, Inc. has its corporate headquarters located in Tampa, Florida.

### FACTS COMMON TO ALL COUNTS

9.      On or about <u>November 12, 1996</u>, U.S Patent No. 5,573,552 (hereinafter "patent 552") was duly and legally issued for the technology which embodies Hako-Med's patented Horizontal Therapy, to wit: an apparatus for electrotherapeutic applications operating in the medium-frequency range between 1000 Hz and 100,000 Hz where, in relation to a body part to be treated, a circuit with medium-frequency current (MF current) is applied across two electrodes, with an invention which proposed to keep the amplitude of the MF current constant and to modulate the frequency by one thousand to several thousand Hz (corner frequencies) with a modulation frequency of >0 to several hundred Hz (for instance 200 Hz) in order to generate in synchronism with the modulation frequency action potentials in the treatment area. See Exhibit 1 attached hereto.

10.     The Plaintiffs, Hako-Med USA, Inc., and Hako-Med GMbh are the owners of all right, title, and interest in and to the patent. See, Exhibit 1.

11.     Dr. Achim Hansjurgens, President of Hako-med GMbh, is the inventor of the patent. See, Exhibit 1.

6

12.     In or about March of 2006, upon information and belief, Plaintiffs
began to suspect that the Defendant Axiom had infringed the Plaintiffs' Patent. In or about
June of 2006 upon viewing a manual from the Defendant's EPS8000/NVP8500, Plaintiffs'
obtained confirmation that the Defendants had infringed their patent by literally infringing
upon claims one (1), three (3), and five (5) of the Plaintiffs' 552 patent as depicted in
Axiom's user manual for the EPS8000/NVP8500.  See, copies of the User Guides for
Axiom's EPS8000 and Hako-Med's PRO ElecDT2000 attached hereto as Exhibit 2.    .
Additionally, through Axiom's sales and marketing of their EPS8000/NVP8500 Axiom has
indirectly infringed upon the Plaintiff's 552 patent by offering to sell a patented product
containing patented technology.

13.     Specifically, Axiom has offered to sell a patented product through the
extensive sales and marketing of their EPS8000NVP/8500 which is substantially similar to
Hako-Med's PRO ElecDT2000 and VasoPulse 2000.  See, Exhibit 2 attached hereto.
Additionally, see a copy of the Affidavit of Dr. Don Bailey, and a statement from a Hako-
Med sales rep after witnessing an Axiom sales presentation attached hereto as Exhibit 3.
Axiom has contributorily infringed or induced infringement of the Plaintiff's patent in a
literal fashion as (1.) Axiom has copied the "sweep rate" of Claim One (1) of the Plaintiff's
patent, with frequencies between 0,1 Hz and 200 Hz, (2.) Axiom has infringed upon the
Plaintiff's patent by copying claims one (1) and three (3) in which the Plaintiff claims that
the carrier frequencies and the modulation frequency are variable, and (3.) Axiom has
infringed upon the Plaintiff's patent by copying the fifth (5th) claim of the Plaintiff's  patent

as the Plaintiff claims that their patented MF-modulation technology can be used with not only one current path (two electrodes) but also with two (2) current paths (four electrodes) like Interferential, IF or more.  See, Exhibit 4, Affidavits of Kai Hansjurgens, and Dr. Achim Hansjugens.

14.    Upon information and belief, Defendant's infringement of the patent is willful and deliberate and will continue unless enjoined by this Court as the Plaintiffs' machines are marked with "international patent" and/or Patent number 5,573,552 which has not served to deter the Defendant in the least from marketing and/or offering to sell a patented product, and further directly and literally infringing upon the Plaintiff's patent including claims one (1), three (3), and five (5) as described herein and within Exhibits 2, 3, and 4.

15.    Of additional significance in this matter, the Plaintiffs are also aware that the Defendants have committed Trademark Infringement, arising under the Lanham Act, 15 U.S.C. §§ 1114, and Trade dress Infringement arising under the Lanham Act, in violation of section 43 of the Lanham Act, 11 U.S.C. § 1125(a),  with respect to the Plaintiffs' mark, VASOPULSE, and Axiom's marketing and selling of the EPS8000/NVP8500 (Neuro **Vaso Pulse** 8500).

16.    Specifically, on September 22, 1997, The Plaintiff, Hako-Med GMbh, (also operating as E-Mos Civil Unlimited Corporation Fed Rep Germany) filed an application with the United States Patent and Trademark office to register the mark VASOPULSE.  On June 11, 2000  the mark, VASOPULSE, was published in the Official Gazette in accordance with

section 12(a) of the Trademark Act of 1946.

17.     On October 3, 2000 the Registrant E-Mos Civil Unlimited Corporation Fed Rep Germany was issued a Certificate of Registration for the mark VASOPULSE shown in U.S. Registration No. 2,390,719. See, Exhibit 5 attached hereto. From October 3, 2000 to approximately September of 2005, the Registrant and its affiliates including Hako-Med USA, Inc. and Hako-Med GMbh enjoyed exclusive use of the mark, VASOPULSE.

18.     Upon information and belief, in or about September of 2005, the Plaintiffs became aware that Defendant Axiom Worldwide Inc., a competitor in the electro-medical market was using the Registrant's mark, VASOPULSE to advertise and sell Axiom's "Neuro **Vaso Pulse** System" (NVP8500TM) used in conjunction with Axiom's EPS8000 which Axiom Worldwide Inc. currently advertises on their website represents a "breakthrough in electrical stimulation therapy". See, Exhibit 6 attached hereto. The Plaintiff's engaged legal counsel to send a cease and desist letter to Defendant Axiom and the Defendant's response was to file a Cancellation Proceeding with the United States Trademark Trial and Appeal Board. See Exhibit 7 attached hereto.

19.     Despite the fact that Axiom Worldwide was only recently incorporated in 2001, ten (10) years after Hako-Med, and one (1) entire year after Hako-Med was granted the right to registration of the mark, VASOPULSE, see, Exhibit 8 attached hereto, upon information and belief, Axiom is undisputedly using a confusingly similar mark to indicate or identify similar goods marketed by it in competition with the Plaintiffs in the same trade area in which the Plaintiffs have already established their VASOPULSE trademark. The

Plaintiffs' goods, and certain of the goods sold by Defendant Axiom are closely related in that certain of Axiom's goods, including electrical stimulation therapy systems, and vasopneumatic devices are sold for use by medical professionals to provide electrical stimulation therapy to patients. The Defendants actions not only constitute trademark infringement, but trade dress infringement as the packaging of the machines are similar, the accessories used in operation of the machine are identical, the colors of the packaging and corresponding supplies are identical and the Defendants even use the same suppliers as the Plaintiffs in obtaining the accessories and necessary information for operation of the machines. The continued mis-use of the Plaintiff's mark by the Defendant will undoubtedly cause a likelihood of confusion by eliciting consumer confusion as to the source and/or sponsorship of the goods bearing the Plaintiff's mark.

20.     The Plaintiff's mark is strong in that it is suggestive and thus inherently distinctive. The proximity of the goods are high as the goods are sold to the same class of purchasers and similar in use and function. The marks are similar in sight, sound, and meaning as VASOPULSE and NVP, which when broken down in the Defendant's literature is depicted as "Neuro **Vaso Pulse**". See, Exhibit 6. It is highly likely that confusion has occurred both in the trade and in the mind of the buying public. There are convergent marketing channels which increases the likelihood of confusion as both products are sold globally at trade shows for medical devices of this nature. The type of goods bearing the marks and purchaser care are similar in that both are medical devices sold in the field of electromedicine. Both companies produce high quality, expensive goods, and generally both

medical devices are purchased only after thoughtful, careful evaluation of the product and the performance the purchaser expects. There is evidence that Axiom intended to infringe upon the Plaintiffs' trademark as they were well aware of Hako-Med's products, and the significance of the products bearing the mark, VASOPULSE which is marked as being trademarked due to the nature of the niche market available for said products. Finally, due to the Defendant Axiom's actions, there is a strong possibility that either party will expand their business to compete with the other. Taken together, all of the afore-stated facts contribute to the Plaintiffs' arguments that the present use of the mark by the Defendant is infringing and likely to cause confusion.

21.    The Plaintiffs have been, and will continue to be, irreparably damaged by the Defendant's infringement of the aforesaid patent and trademark as well as the Plaintiffs trade dress, as Plaintiffs and Defendant are competitors in a niche market for electrical stimulation systems and accompanying medical devices premised upon concepts of electromedicine. Additionally, the previous outlined actions of the Defendants constitute violations of the Racketeer Influenced and Corrupt Organizations Act under 18 U.S.C. § 1962(c), and the actions of Defendants Gibson and Exarhos through their association with Defendant Axiom Worldwide, Inc. constitute tortuous interference with contract and business relations, civil conspiracy to tortiously interfere with contract and business relations, malicious injury to Plaintiffs' business, and civil conspiracy to maliciously injure Plaintiffs' business.

## COUNT I: INJUNCTIVE RELIEF AGAINST AXIOM WORLDWIDE, INC.

22.     Paragraphs 1 –21 are realleged.

23.     Pursuant to Fed. Rule Civ. P. 65(a)(1), this Court should grant a Preliminary Temporary and Permanent Injunction and enjoin the Defendant from continuing to market and/or sell the Defendant's electrical nerve stimulation medical device entitled EPS8000/NVP8500 on the grounds that immediate and irreparable loss, damage, and injury will result to Plaintiffs as more fully set forth herein as well as set forth within this Verified Complaint and accompany exhibits, the Motion for Preliminary Injunction and the Memorandum of Law in Support, and the Affidavits of Kai Hansjurgens, President of Hako-Med USA, Inc., and Dr. Achim Hansjurgens, President of Hako-Med GMbh.

24.     The purpose of a preliminary injunction is usually to maintain the status quo until the merits of a case can be decided. See, e.g., Resolution Trust Corp. v. Cruce, 972 F.2d 1195, 1198 (10th Cir. 1992).   A preliminary injunction is also usually directed at freezing circumstances in place until there is greater opportunity to hear the merits of a case. See, e.g., CMM Cable Rep., Inc. v. Ocean Coast Properties, Inc., 48 F.3d 618, 620 (1st Cir. 1995). Courts grant preliminary injunctions ordering an alteration of the status quo only in under circumstances where the merits clearly favor one party over another. See, e.g., Aoude v. Mobil Oil Corp., 862 F.2d 890, 893 (1st Cir. 1988). Rule 65(a)(1) prohibits issuance of a preliminary injunction without notice to the opposing party. See, Cf., Western Water Management, Inc. v. Brown, 40 F.3d 105, 109 (5th Cir. 1994). Additionally, Rule 65 requires that the court hold a hearing before granting or refusing a preliminary injunction. However,

the scope of such a hearing is subject to the discretion of the trial court.  See, e.g.,

McDonald's Corp. v. Robertson, 147 F.3d 1301, 1311-13 (11th Cir. 1998).

25.     The substantive requirements for injunctions are separate from and additional

to Rule 65 and are found predominantly in federal case law.  See e.g., United States v.

Cohen, 152 F.3d 321, 324 (4th Cir. 1998).  In deciding whether to grant an injunction, courts

generally weigh some or all of the following factors: (1) whether the potential to the person

seeking injunctive relief is irreparable, See, e.g., Rodriguez v. DeBuono, 175 F.3d 227, 235

(2d Cir. 1999), (2) whether the person against whom an injunction would be entered would

be harmed excessively by the injunction; (3) whether and to what extent, the grant or denial

of injunction would affect interests of third persons, including public interests; and (4) when

a motion for temporary restraining order or a preliminary injunction is before the court,

whether the person seeking such relief is likely to prevail on the merits when the case comes

to trial.  See, e.g., Prairie Band of Potawatomi Indians v. Pierce, 253 F.3d 1234 (10th Cir.

2001) (citing all four factors, but observing that if party seeking preliminary relief can

establish last three factors, application of first fact is "less strict"); See also, United States v.

Power Engineering Co., 191 F.3d 1224, 1230 (10th Cir. 1999), cert denied, 529 U.S. 1086,

120 S. Ct. 1718, 146 L.Ed.2d 640 (2000).

26.     There is a likelihood of irreparable harm and the unavailability of an

adequate remedy at law in this case.  Specifically, due to the nature of the gross patent,

trademark, and trade dress infringement in the case at bar, as well as the Defendants'

violation of the Racketeer Influenced and Corrupt Organization Act and the Defendants acts

of tortuous interference and civil conspiracy, there is a likelihood of irreparable harm and the unavailability of an adequate remedy at law if the Defendants are not enjoined by this Honorable Court. Specifically, the Plaintiffs as well as the medical community at large in the field of electromedicine will suffer a set-back in development of new treatments, devices, and protocols due to confusion, mis-representations, and false advertising of the Defendants' products and the potential of the Defendants' fraudulent actions to push the Plaintiffs from their niche market. The Plaintiffs have no adequate remedy at law as the Defendants have managed to infringe upon both Hako-Med's 552 patent as well as their mark, VASOPULSE, despite the Defendants' knowledge of the Plaintiffs' holding of said patent, and despite the Defendants' knowledge and attempts to cancel Plaintiffs' mark as more fully set out within Exhibits 1-8 attached hereto and incorporated herein.

27. The Plaintiffs have a substantial likelihood of success on the merits in this case. The actions of the Defendants described herein constitute fraud and misrepresentation on the medical community associated with electromedicine as more further set out within the Motion for Preliminary Injunction, Memorandum of law in support, and Affidavits of Kai Hansjurgens, President of Axiom USA, Inc. and Dr. Achim Hansjurgens, President of Hako-Med GMbh incorporated herein. The Defendants hold no patents, nor trademarks for their EPS8000/NVP8500 product. The Plaintiffs have held a patent and trademark for their product, the PROElecDT2000 and VasoPulse2000 for more than five (5) years and have been involved in the field of electromedicine for over thirty (30) years, and specifically have been involved in said field ten (10) years prior to the incorporation of Axiom. Additionally, the

14

Plaintiffs' product has been granted 510k approval for marketing by the FDA. See, Exhibit 9

attached to the Verified Complaint. Despite these facts, the Defendants advertise and market

their product as a "breakthrough in electrical stimulation therapy." See, Exhibit 6 attached to

the Verified Complaint. The Defendants' actions undoubtedly constitute patent infringement

via a literal infringement of the claims within the Plaintiff's 552 patent, as well as offering to

sell a patented product containing patented technology, and trademark infringement as well

as trade dress infringement as the continued mis-use of the Plaintiff's mark, VASOPULSE,

by the Defendant will undoubtedly cause a likelihood of confusion by eliciting consumer

confusion as to the source and/or sponsorship of the goods bearing the Plaintiff's mark. See,

Polaroid Corp. v. Polarad Elect. Corp., 287 F.2d 492 (2d Cir.), cert. denied, 386 U.S. 820

(1961). As the Plaintiffs can establish the elements of patent, trademark, and trade dress

infringement, and the Defendant's actions constitute a violation of the Racketeer Influenced

and Corrupt Organization Act violations under 18 U.S.C. § 1962(c), and the Defendants'

actions constitute tortuous interference and civil conspiracy, the Plaintiffs have a substantial

likelihood of success on the merits.

    28.    The threatened injury to the petitioner outweighs any possible  harm

to the respondent. Specifically if this preliminary injunction is granted, the injury, if any, to

the Defendants, if final judgment is in their favor, will be trivial due to the Defendants past

and presently ongoing pattern of false statements with regard to Axiom's product which has

allowed Axiom and its distributors to continuously sell the EPS8000/NVP8500 at an inflated

price with representations of "breakthrough technology" to the exclusion of other

competitive devices including Plaintiffs' patented and trademarked PRO ElecDT2000 and VasoPulse 2000. The Defendants' actions have managed to cause confusion within the industry dealing with electro medical devices causing the Defendants' sales to rise at the expense of the Plaintiffs' sales, and at the expense of "pirating" the Plaintiffs' intellectual property. Therefore, Defendant Axiom will be adequately indemnified by bond of five thousand dollars ($5,000.00).

29. The granting of the temporary injunction will not disserve the public interest. The actions of the Defendants with respect to the within matter have constituted nothing more than greed, arrogance, and a propensity not to tell the truth. To wit, the Defendants' actions of offering to sell a patented product, and offering to sell a product that is substantially similar to that of Plaintiff's, as well as Defendant Axiom's literal infringement upon Claims one (1), three (3), and five (5) of the Plaintiff's 552 patent, and Defendant Axiom's trademark and trade dress infringement of the Plaintiff's mark, VASOPULSE which has a high likelihood of causing consumer confusion constitutes a pattern and practice of fraud on medical consumers and competitors. Clearly, the foregoing actions by Axiom as well as Gibson and Exarhos which the Plaintiffs now ask this Honorable Court to enjoin do not constitute a service to the public interest, but rather a dis-service which the granting of a temporary and permanent injunction in this action will serve to alleviate.

WHEREFORE the Plaintiffs, HAKO-MED USA, INC., and HAKO-MED GMbh demand judgment against AXIOM WORLDWIDE, INC. for a temporary and permanent injunction preventing the Defendant, AXIOM WORLDWIDE, INC. from

continuing to sell and/or market Axiom's electrical stimulation system model designation EPS8000/NVP8500 which unlawfully infringes upon the Plaintiff's U.S Patent No. 5,573,552, in accordance with the Patent Laws of the United States, Title 35, United States Code, and which unlawfully infringes upon the Plaintiffs' trademark, VASOPULSE, shown in U.S. Registration No. 2,390,719, which unlawfully infringes upon the Plaintiffs' trade dress, and which unlawfully violates the Racketeer Influenced and Corrupt Organization Act Violations embodied under 18 U.S.C. § 1962 (c). Additionally, Plaintiffs ask this Honorable Court to Award Hako-Med USA, Inc., and Hako-Med GMbh costs, reasonable attorney's fees, and such other and further relief as this Court may deem just and proper.

## COUNT II: PATENT INFRINGEMENT AGAINST AXIOM WORLDWIDE, I NC.

30.     Paragraphs 1-21 are realleged.

31.     This cause of action is for patent infringement arising under the Patent Laws of the United States, Title 35, United States Code, 35 U.S.C. 271 a-d.

32.     On or about November 12, 1996, Patent 552 was duly and legally issued for an apparatus for electrotherapeutic applications operating in the medium-frequency range between 1000 Hz and 100,000 Hz. Patent 552 embodies the concepts and technology which constitute Hako-Med's internationally patented Horizontal Therapy, the core of Hako-Med's unique product, and what makes Hako-Med stand out in the niche industry of electromedicine. See, Exhibit 1.

33.     Hako-Med USA, Inc. and Hako-Med GMBH are the owners of all right, title

and interest in and to Patent 552. See, Exhibit 1.

34.     Defendant Axiom has infringed the 552 patent directly in violation of 35 U.S.C. 271(a) by literally copying claims one (1), three (3), and five (5) as disclosed and claimed by the Plaintiffs in the 552 patent. See Exhibits 1,2,3,& 4.

35.     Defendant Axiom has infringed the 552 patent in violation of 35 U.S.C. 271 (c) by offering to sell and selling a patented product within the United States. See Exhibits 1, 2, 3, & 4.

36.     Defendant Axiom's infringement of the 552 patent is willful and deliberate and will continue unless enjoined by this Court. See, Exhibits 3 and 4.

37.     At the very least the Defendant Axiom's infringement constitutes a violation of the doctrine of equivalents in patent infringement as if this Court does not find that the Defendant's practice represents a literal infringement, Defendant's practice certainly represents infringement in violation of 35 U.S.C. 271( c) by offering to sell and selling a patented product, and via the principles of equivalency as Axiom has at the _least_ made insubstantial changes to the EPS8000/NVP8500 when analyzed next to the Plaintiff's PRO ElecDT2000 and VasoPulse 2000. As the Supreme Court has held, "if two devices do the same work in substantially the same way, and accomplish substantially the same result, they are the same, even though they differ in name, form, or shape." See Union Paper Bag Machine Co. v. Murphy, 97 U.S. 120, 125 (1877). See also, Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co., No. 00-1543 (S. Ct. May 2002). The doctrine of equivalents holds that a patentee can claim rights to inconsequential alterations to the thing patented,

which are not literally covered by the original claims, but that could be achieved with little

effort. See, Hilton Davis Chemical Co. v. Warner Jenkinson Co., Inc., 62 F.3d 1512, 1517

(Fed. Cir. 1995). In other words, the Doctrine of Equivalents protects a patentee from

infringement by a person who makes insubstantial changes to the patented invention, taking

the new device out of the literal realm of the claims, yet basically embodying the same

invention which at the very least, the Plaintiffs are arguing in this instance.

38.     Plaintiffs have been and will continue to be, irreparably damaged by the

Defendant's infringement of the aforesaid 552 patent. See Exhibits 1-8.

39.     The Plaintiffs have no adequate remedy without the intervention of this

Court.

WHEREFORE, Plaintiffs Hako-Med USA, Inc., and Hako-Med GMbh request that this

Court:

(a)     Issue preliminary and permanent injunctions against further infringement of

patent number 5,573,552 by Defendant Axiom Worldwide, Inc. and its officers,

agents, employee, successors and assigns including prohibiting Axiom

Worldwide, Inc. from further selling Axiom's EPS8000 which unlawfully

contains the Plaintiffs 552 patented technology, and all persons or entities acting

on its behalf;

(b)     Determine and assess against Defendant Axiom Worldwide, Inc. and award

Plaintiffs Hako-Med USA, Inc., and Hako-Med GMbh damages that the Plaintiffs

have suffered as a result of the infringement of patent number 5,573,552 by

Defendants, including lost profits, but no less than a reasonable royalty, with said award to be trebled; and

(c)     Award to Plaintiffs Hako-Med USA, Inc., and Hako-Med GMbh costs, reasonable attorney's fees, and such other and further relief as this Court may deem just and proper.

## COUNT III: TRADEMARK INFRINGEMENT ARISING UNDER 15 U.S.C. 1114 AGAINST AXIOM WORLDWIDE, INC.

40.     Paragraphs 1-21 are realleged.

41.     The Defendants have committed Trademark Infringement arising under the Lanham Act, 15 U.S.C. §§ 1114 with respect to the Plaintiffs' mark, VASOPULSE, shown in U.S. Registration No. 2,390,719. See, Exhibits 4-7 attached hereto. The standard applied in a trademark infringement action is "likelihood of confusion". See, AMF, Inc. v. Sleekcraft Boats, 599 F.2d 341 (9th Cir. 1979). The use of a trademark in connection with the sale of a good constitutes infringement if it is *likely to cause consumer confusion as to the source of those goods or as to the sponsorship or approval of such goods.* Id. A highly relevant factor to whether there is a likelihood of confusion between the goods is based on whether the goods produced by the alleged infringer compete for sales with those of the trademark owner. In these cases, infringement is usually found if the marks are sufficiently similar that confusion can be expected. Id.

42.     Confusion between related goods is likely in this case and, the following factors are relevant in determining this likelihood of confusion:

1. strength of the mark;
2. proximity of the goods;
3. similarity of the marks;
4. evidence of actual confusion;
5. marketing channels used;
6. type of goods and the degree of care likely to be exercised by the purchaser;
7. defendant's intent in selecting the mark; and
8. likelihood of expansion of the product lines.

See, e.g. <u>Sleeper Lounge Co. v. Bell Manufacturing Co.</u>, 253 F.2d at 722.

43.     It is clear in the case at bar that Defendant's use of the Plaintiffs' trademark,

VASOPULSE, as **Neuro Vaso Pulse** on their NVP8500 product, and as stated numerous

times in their product literature and advertisements to be "Vaso Pulse" (see Exhibit 6) has a

high likelihood of creating confusion as the products at issue are sold in the same market and

to the same consumer. See, <u>AMF Inc. v. Sleekcraft Boats</u>, 599 F.2d 341 (9th Cir. 1979).

44.     **Strength of the mark**:

          The Plaintiff's mark is strong in that it is suggestive and thus inherently

distinctive. A suggestive mark is a mark that evokes or suggests a characteristic of the

underlying good.  Some exercise of imagination is needed to associate the word with the

underlying product; however, the word is not totally unrelated to the underlying product.

See generally, <u>Watkins Products, Inc. v. Sunway Fruit Products, Inc.</u>, 311 F.2d 496 (CA 7

1962). The goods sold in connection with Plaintiff's mark **VASOPULSE**, as identified in

the Registration, include:

          "medical therapeutic appliances, namely, electronic stimulator for physical
          therapy and electrotheutical [sic] treatments for use on nerves and muscles;
          medical, surgical and veterinary-medical apparati, appliances and

> instruments, namely, electrotherapeutical apparati, ultra sonic apparati and magnetic field apparati, all for use in connection with the medical treatment of nerves and muscles for purposes of pain management and muscle stimulation."

See, Exhibit 5 attached hereto. Therefore, as the Plaintiffs' description of the goods sold in connection with the mark VASOPULSE evokes and/or suggests a characteristic of the underlying good, the mark is thus suggestive and suggestive and given a high degree of protection. Id.

45.     **Proximity of the goods**:

The proximity of the goods (Plaintiffs' ProElecDT2000 VASOPULSE 2000 and Defendant's EPS8000/NVP8500) is high as the goods are sold to the same class of purchasers in a niche market and similar in use and function. See, Exhibit 2 attached hereto. For related goods, the danger presented is that the public will mistakenly assume there is an association between the producers of the related goods, when there is in fact no association. The more likely the public is to make such an association, the less similarity in the marks is requisite to a finding of likelihood of confusion. See, American Steel Foundries v. Robertson, 269 U.S. 372, 382, 46 S. Ct. 160, 70 L.Ed. 317 (1926); Russell Chemical Co. v. Wyandotte Chemicals Corp., 337 F.2d 660, 52 C.C.P.A. 807 (1964).

46.     **Similarity of the marks:**

The marks are similar in sight, sound, and meaning as "VASOPULSE" and "Vaso Pulse". When "NVP" is spelled out in the literature accompanying the Defendant's NVP8500 it is described and depicted as "Neuro Vaso Pulse", and also as "Vaso Pulse" See,

Exhibits 2 and 6.  Standing alone, the marks "VASOPULSE" and "Vaso Pulse" are the same except for the space between "Vaso" and "Pulse" as used by the Defendants.  Therefore, the marks are nearly identical in sight and sound.  See, Communications Satellite Corp. v. Comcet, Inc., 429 F.2d at 1249 (only slight visual difference between Comsat and Comcet); Polaroid Corp. v. Polaraid, Inc., 319 F.2d 830 (CA 7 1963) (Polaroid cameras and lenses and Polaraid heating and refrigeration systems); Cf. Drexel Enterprises, Inc. v. Hermitage Cabinet Shop, Inc., 226 F.Supp. 532, 538 (N.D. Ga. 1967) (addition of single letter on name of furniture line does not change appearance).  To the eye, the words are similar.  Id.  To the eyes and ears the words are also similar sound and meaning as VASOPULSE and Vaso Pulse use the same spelling, have the same sound, and are utilized in the same manner thus carrying the same meaning as it pertains to the Plaintiffs' PROElecDT2000 with VASOPULSE2000, and the Defendant's EPS8000/NVP8500.  See, Exhibits 2 and 6. Similarity of the marks is tested on three levels: sight, sound, and meaning.  See, Plough, Inc. v. Kreis Laboratories, 314 F.2d 635, 638 (CA 9 1963).  Each element must be considered as they are encountered in the marketplace.  Id.

47.     **Evidence of Actual confusion:**

In this case, the affidavit of Dr. Don Bailey attached hereto as Exhibit 3 reveals evidence of actual confusion as to the origination of the products, the contents of the products, and the capabilities of the technology within the products.

Evidence that use of the two marks has already led to confusion is persuasive proof that future confusion is likely.  See, Plough, Inc. v. Kreis Laboratories, 314 F.2d at 639.

Because of the difficulty in garnering such evidence, the failure to prove instances of actual confusion is not dispositive. See, <u>Drexel Enterprises, Inc. v. Hermitage Cabinet Shop, Inc.</u>, 266 F.Supp. at 537.

48. **Marketing channels:**

There is no doubt that the Plaintiffs and Defendant share convergent marketing channels as this is a niche market. Additionally, both products are sold globally at the same trade shows for medical devices of this nature. Convergent marketing channels increase the likelihood of confusion. See, J.T. McCarthy, Trademarks and Unfair Competition s 23:23 (1973).

49. **Type of good and purchaser care:**

Due to the niche market and the medical devices at issue, both companies produce and/or purport to produce high quality, expensive goods, and generally both medical devices are purchased only after thoughtful, careful evaluation of the product and the performance the purchaser expects. Therefore, there is a likelihood of confusion to the public due to the type of good and purchaser care involved with said products. See, Exhibit 3 attached hereto. In assessing the likelihood of confusion to the public, the standard used by the courts are the typical buyer exercising ordinary caution. See, <u>HMH Publishing Co. v. Lambert,</u> 482 F.2d 595, 599 n. 6 (CA 9 1973).

50. **Intent:**

Defendant Axiom's use of the Plaintiffs' registered trademark, VASOPULSE, on its website, and through the distribution of its product and marketing materials related to

its product (NVP8500) was intentional and was for the purpose of misleading consumers and causing potential consumers of Hako-Med's products to be confused as to association with Defendant Axiom rather than the Plaintiffs. This intent is evidenced by the previously initiated proceedings before the United States Trademark Trial and Appeal Board, and due to the previous cease and desist letter sent to the Defendants by the Plaintiffs, and due to the documents embodied within Exhibits 1-8 attached hereto. There is clear evidence that the Defendant acted with intent with respect to the infringement alleged in this matter. As a result of Defendant Axiom's infringement, as described above, consumers are likely to be confused as to the distinction between Hako-Med's products, marketed under its protected trademark, and Defendant Axiom's competing product. When the alleged infringer knowingly adopts a mark similar to another's, reviewing courts presume that the defendant can accomplish his purpose: that is, that the public will be deceived. See, Fleischmann Distilling Cop. V. Maier Brewing Co., 314 F.2d 157-58.

51.   **Likelihood of Expansion:**

Due to the Defendant Axiom's actions, and the nature of the niche market within which the Plaintiffs and Defendant operate, there is a strong possibility that either party will expand their business to compete with the other, therefore there is further evidence of a likelihood of confusion. When goods are closely related, any expansion is likely to result in direct competition. See, Communications Satellite Corp. v. Comcet, Inc., 429 F.2d at 1253. Where the evidence shows that both parties are diversifying their model lines, the potential that one or both of the parties will enter the other's submarket with a competing model is

strong.  See, <u>AMF Inc. v. Sleekcraft Boats</u>, 599 F.2d 341 (9th Cir. 1979).

52.        Taken together, all of the afore-stated facts contribute to the Plaintiffs'
arguments that the present use of the mark by the Defendant is intentional, deliberate, and
likely to cause confusion and thus constitutes an infringement of the Plaintiffs' trademark,
VASOPULSE.

WHEREFORE, Plaintiffs Hako-Med USA, Inc., and Hako-Med GMbh request that
this Court:

(a) Issue preliminary and permanent injunctions against further infringement
of Plaintiffs' trademark VASOPULSE, shown in U.S. Registration
number 2,390,71 by Defendant Axiom Worldwide, Inc. and its officers,
agents, employee, successors and assigns, and all persons or entities
acting on its behalf including prohibiting the Defendant from continuing
to sell the EPS8000/NVP8500;

(b) Determine and assess against Defendant Axiom Worldwide, Inc. and
award Plaintiffs Hako-Med USA, Inc., and Hako-Med GMbh damages
that the Plaintiffs have suffered as a result of the infringement of the
Plaintiffs' trademark, VASOPULSE, shown in U.S. registration number
2,390,71, including lost profits, but no less than a reasonable royalty, with
said award to be trebled; and

(c) Award to Plaintiffs Hako-Med USA, Inc., and Hako-Med GMbh costs,
reasonable attorney's fees, and such other and further relief as this Court

may deem just and proper as Defendant Axiom's use of the Plaintiffs'
registered trademark was undertaken by the Defendant intentionally,
maliciously, and in bad faith therefore in addition to actual damages,
Plaintiffs are entitled to exemplary damages and attorney's fees.

## COUNT IV: TRADE DRESS INFRINGEMENT IN VIOLATION OF SECTION 43 OF THE LANHAM ACT, 11 U.S.C. § 1125(a) AGAINST AXIOM WORLD WIDE, INC.

53.    Paragraphs 1-21 are realleged.

54.    Hako-Med's advertising, particularly advertising using the term
"VASOPULSE" is used in close proximity to, and designates the origin of, Hako-Med's
PROELECDT2000 and VASOPULSE2000 machines.  Specifically, Hako-Med's use of
VASOPULSE as well as its advertisements constitutes protectable trade dress.  Additionally,
Hako-Med's packaging, and accessories used in conjunction with the PROELECDT2000 and
the VASOPULSE2000 machines is used in close proximity to and designates the origin of
Hako-Med's devices at issue.

55.    Defendant Axiom's publication and use of advertisements which utilize
Hako-Med's trademark, VASOPULSE, and which copy the overall appearance of
Hako-Med's advertisements and product marketing strategies and production constitute
trade dress infringement which is likely to cause consumer confusion in violation of Section
43 of the Lanham Act, 11 U.S.C. § 1125(a). See, Exhibit 6. Additionally, Axiom's use of
similar packaging of the machines, use of identical accessories used in operation of the
machines, use of identical colors of the packaging and corresponding supplies, and use of

the exact same suppliers as the Plaintiffs in obtaining the accessories and necessary information for operation of the machines by the Defendants clearly constitutes trade dress infringement.

56.    Protectable trade dress is infringed when a "likelihood of confusion" exists between Defendant's trade dress and Plaintiff's trade dress. See, e.g. <u>Ambrit v. Kraft</u>, 812 F.2d 1531 (11th Cir. 1986). The similarity between trade dress is gauged by the "ordinary buyer" standard. <u>Id</u>. The question to be determined is would the "unthinking" buyer believe both products came from the same source? If the same overall impression leads the ordinary buyer to that conclusion, infringement probably exists. <u>Id</u>.

57.    Plaintiffs are entitled to damages, in an amount to be determined at trial resulting from the illegal acts of Defendant Axiom.

58.    Use of Hako-Med's trade dress by Axiom, if not stopped, will irreparably harm Plaintiffs.

WHEREFORE, Plaintiffs Hako-Med USA, Inc., and Hako-Med GMbh request that this Court:

(a) Issue preliminary and permanent injunctions against further infringement of Plaintiffs' trade dress via the use of Plaintiffs' trademark VASOPULSE, shown in U.S. Registration number 2,390,71 by Defendant Axiom Worldwide, Inc. and its officers, agents, employee, successors and assigns, and all persons or entities acting on its behalf, including prohibiting the Defendant

from continuing to sell the EPS8000/NVP8500;

(b) Determine and assess against Defendant Axiom Worldwide, Inc. and award Plaintiffs Hako-Med USA, Inc., and Hako-Med GMbh damages that the Plaintiffs have suffered as a result of the use of trade dress that is confusingly similar to Hako-Med's trade dress via the infringement of the Plaintiffs' trademark, VASOPULSE, shown in U.S. registration number 2,390,71, including lost profits, but no less than a reasonable royalty, with said award to be trebled; and

(c) Award to Plaintiffs Hako-Med USA, Inc., and Hako-Med GMbh costs, reasonable attorney's fees, and such other and further relief as this Court may deem just and proper as Defendant Axiom's use of the Plaintiffs' trade dress was undertaken by the Defendant intentionally, maliciously, and in bad faith therefore in addition to actual damages, Plaintiffs are entitled to exemplary damages and attorney's fees.

## COUNT V: RACKETEER INFLUENCED & CORRUPT ORGANIZATION ACT VIOLATIONS UNDER 18 U.S.C. § 1962 (c) AGAINST AXIOM WORLDWIDE, INC.

59.     Paragraphs 1-21 are realleged.

60.     The Defendant has conducted and/or participated in the conduct of

Plaintiff's affairs through a pattern of racketeering activity.  Plaintiffs are engaged in, and

their activities affect interstate commerce.  Defendant has violated 18 U.S.C. § 1962.

Plaintiffs have standing to bring this action as they have been injured in their business by

the Defendants conduct constituting the violation.  See, <u>Sedima, S.P.R.L. V. Imrex Co</u>. 473

U.S. 479, 496, 105 S. Ct. 3275, 3285 (1985).

61.     The Racketeer Influenced and Corrupt Organizations Act (RICO) prohibits

certain conduct involving a "pattern of racketeering activity," 18 U.S.C. § 1962, and makes a

private right of action available to "any person injured in his business or property by reason

of a violation" of RICO's substantive restrictions, Sec. 1964(c) provided that the alleged

violation was the proximate cause of the injury,  See, <u>Anza v. Ideal Steel Supply Corp</u>., No.

04-433 (2006) citing <u>Holmes v. Securities Investor Protection Corporation</u>, 503 U.S. 258.

Under <u>Holmes</u>, proximate cause for Sec. 1964(c) purposes requires "some direct relation

between the injury asserted and the injurious conduct alleged. <u>Id</u> at 268.

62.     There is a direct relation between the injury asserted and the injurious conduct

alleged by Plaintiffs in that Defendant Axiom shares an ongoing venture and association,

with the purpose of maximizing revenue through the fraud-based sale and promotion of

products including the EPS8000/NVP8500 which is a direct competitor of Plaintiffs'

PROELECDT2000/VASOPULSE2000 product.

63.     Through a pattern of racketeering activity, the specified Defendant conducted

has participated, directly or indirectly, in the conduct of Plaintiffs' affairs by at least:

a. Directly and literally infringing upon the Plaintiff's 552 Patent;

b. Offering to sell a patented product containing patented technology;

c. Infringing upon the Plaintiffs' trademark, VASOPULSE;

d. Committing trade dress infringement with respect to the Plaintiffs' product at issue

d. Selling a product that is substantially similar to that of Plaintiffs'.

64.    The pattern of racketeering activity consisted, and still consists on an ongoing basis, of repeated acts of mail fraud in interstate commerce, utilizing the United States Mail in contravention of 18 U.S.C. § 1341, and repeated acts of wire fraud in interstate commerce, utilizing electronic mail and telephone communications in contravention of 18 U.S.C. §§ 1343.

65.    Defendant Axiom used the United States mail and wires in furtherance of a scheme to defraud consumers through misrepresentation about Defendant Axiom's products including the EPS8000/NVP8500. Defendants participated in this scheme and intended to defraud those consumers, based on their knowledge of the falsity of the claim and sale of a patented product which infringed on the Plaintiffs' 552 patent and the Plaintiffs' trademark, VASOPULSE. Consumers have in fact been defrauded as a result of Defendant Axiom's actions.

66.    Defendant Axiom's conduct directly impacted and impeded interstate commerce by obstructing and affecting the interstate business operations of Plaintiffs.

67.    The racketeering activity described herein has been continuous and long-term and constitutes a pattern of racketeering activity pursuant to 18 U.S.C. § 1961(5). Defendant

continues to engage in unlawful acts that allow it to conduct or participate in the conduct of Plaintiffs' business. The harm caused to Plaintiffs by Defendants' racketeering activity is therefore likely to continue until, on information and belief, they achieve their ultimate objective of driving Plaintiffs from the market.

68.    As a direct and proximate result of Defendants' racketeering activities and violations of 18 U.S.C. § 1962 (c), Plaintiffs have suffered concrete financial injury in their business and property such as:

        a.    The loss of sales in excess of $2.5 million dollars; and

        b.    The diminution of Plaintiffs' business value and goodwill

69.    The injuries that Plaintiffs suffered as a result of Defendants' conduct or participation in the conduct of Plaintiffs' affairs are separate and distinct from the injuries that Plaintiffs have suffered as a result of Defendants' predicate acts of racketeering.

70.    As a proximate result of the unlawful conduct alleged herein, Plaintiffs have sustained damages in excess of $2.5 million dollars to be proved at trial. These damages should be trebled.

**WHEREFORE**, Plaintiffs Hako-Med USA, Inc., and Hako-Med GMbh request that this Court:

        (a) Issue preliminary and permanent injunctions against further violations of the Racketeer Influenced and Corrupt Organization Act Violations under 18 U.S.C. 1962(c) by Defendant Axiom Worldwide, Inc. and its officers,

agents, employee, successors and assigns, and all persons or entities acting on its behalf; including prohibiting the Defendant from continuing to sell the EPS8000/NVP8500;

(b) Determine and assess against Defendant Axiom Worldwide, Inc. and award Plaintiffs Hako-Med USA, Inc., and Hako-Med GMbh damages that the Plaintiffs have suffered as a result of the violation of the Racketeer Influenced and Corrupt Organization Act Violations under 18 U.S.C. 1962(c) by Defendant Axiom Worldwide, Inc. and its officers, agents, employee, successors and assigns, and all persons or entities acting on its behalf with said award to be trebled;

(c) Award to Plaintiffs Hako-Med USA, Inc., and Hako-Med GMbh costs, reasonable attorney's fees, and such other and further relief as this Court may deem just and proper.

## COUNT VI: TORTIOUS INTERFERENCE WITH CONTRACT AND BUSINESS RELATIONS

71.     Paragraphs 1-21 are reincorporated herein.

72.      To establish a claim for tortuous interference, with an advantageous business relationship the Plaintiff must prove :(**1**) Plaintiff has a business relationship, not necessarily evidenced by an enforceable contract; (**2**) Defendant has knowledge of the relationship; (**3**) Defendant intentionally and unjustifiedly interfered with the relationship; and(**4**) Plaintiff suffered damages.  See, <u>Collie Border Rescue, Inc. v. Ryan</u>, No.

304CV568J32HTS, 2006 WL 485117, at *7 (M.D. Fla. 2006)

73.    Plaintiffs maintain contracts and advantageous business relations with their customers. Defendant Axiom has wrongfully interfered with these contracts and business relationships.

74.    Through its wrongful acts of interference, Defendant has proximately caused substantial injury to Plaintiffs.

75.    Defendant Axiom is not entitled to any revenues that they have realized from customers coming from the unlawful acts that Defendant has committed. Defendant must disclose and return to Plaintiffs all such payments. Plaintiffs are likewise entitled to all other damages available by law as well as to all equitable relief.

76.    The Defendant's interference with Plaintiffs' contracts and business relationships was willful, wanton, malicious and in reckless disregard of Plaintiffs' rights, as well as in disregard of the harm that it was causing and were foreseeably likely to cause the Plaintiffs, (see exhibits 1-9) so that punitive damages should be imposed on Defendant.

WHEREFORE, Plaintiffs Hako-Med USA, Inc., and Hako-Med GMbh request that this Court:

(a) Issue preliminary and permanent injunctions against further tortuous interference with contract and business relations by Defendant Axiom Worldwide, Inc. and its officers, agents, employee, successors and assigns, and all persons or entities acting on its behalf; including prohibiting      the      Defendant      from      continuing      to      sell      the

EPS8000/NVP8500;

(b)  Determine and assess against Defendant Axiom Worldwide, Inc. and award Plaintiffs Hako-Med USA, Inc., and Hako-Med GMbh damages that the Plaintiffs have suffered as a result of the violation of the tortuous interference with contract and business relations by Defendant Axiom Worldwide, Inc. and its officers, agents, employee, successors and assigns, and all persons or entities acting on its behalf with said award to be trebled;

(c)  Award to Plaintiffs Hako-Med USA, Inc., and Hako-Med GMbh costs, reasonable attorney's fees, and such other and further relief as this Court may deem just and proper.

## COUNT VII: CIVIL CONSPIRACY TO TORTIOUSLY INTERFERE WITH CONTRACT & BUSINESS RELATIONS AGAINST DEFENDANTS JAMES GIBSON, JR. AND NICHOLAS EXARHOS

77.     Paragraphs 1-21 are reincorporated herein.

78.     Defendants Gibson and Exarhos, acting in concert with each other and other persons and/or entities, agreed to take collective actions to interfere with Plaintiffs' rights under the contracts and/or advantageous business relationships that Plaintiffs maintain with their customers.  See, Exhibits 3 and 4.  To establish a claim for civil conspiracy, the following elements must be established: **1)** A conspiracy between two or more parties; **(2)** To

do an unlawful act or to do a lawful act by unlawful means; **(3)** The execution of some overt act in pursuance of the conspiracy; and **(4)** Plaintiff suffers damage as a result of the acts performed through the conspiracy. See, Pezold Air Charters v. Phoenix Corp., 192 F.R.D. 721, 726 (M.D. Fla. 2000). The underlying wrongful act ordinarily must constitute an independent cause of action against at least one of the conspirators (*see* Kee v. National Reserve Life Ins. Co. 918 F. 2d 1538, 1541 (11th Cir. 1990) unless the plaintiff can show the conspirators possessed, by virtue of their association, some peculiar power of coercion that an individual would not otherwise possess.

79.    In furtherance of their conspiracy and scheme, Defendants, acting in concert with each other and other persons and/or entities, took overt and wrongful acts to interfere with, and did in fact interfere with, Plaintiffs' rights under the contracts and/or advantageous business relationships that Plaintiffs maintain with their customers, both current and prospective, including those wrongful acts described above. See, Exhibits 3 and 4.

80.    Defendants' conspiratorial acts were designed to injure Plaintiffs' business and allow them to compete against Plaintiffs unfairly. See, Exhibits 3 and 4.

81.    Through their conspiratorial acts, Defendants have proximately caused substantial injury to Plaintiffs. See Exhibits 3 and 4.

82.    Defendants' conspiracy to interfere with Plaintiffs rights under their contracts and/or advantageous business relationships was carried out in willful, wanton, malicious and reckless disregard of Plaintiffs' rights, so that punitive damages should be imposed on Defendants. See Exhibits 3 and 4.

WHEREFORE, Plaintiffs Hako-Med USA, Inc., and Hako-Med GMbh request that this Court:

(a) Issue preliminary and permanent injunctions against further conspiracy actions by Defendants James Gibson Jr. and Nicholas Exharos and their officers, agents, employee, successors and assigns, and all persons or entities acting on their behalf; including prohibiting the Defendant from continuing to sell the EPS8000/NVP8500;

(b) Determine and assess against Defendants James Gibson Jr. and Nicholas Exharos and award Plaintiffs Hako-Med USA, Inc., and Hako-Med GMbh damages that the Plaintiffs have suffered as a result of the conspiracy actions by Defendants James Gibson Jr. and Nicholas Exharos and their officers, agents, employee, successors and assigns, and all persons or entities acting on their behalf;

(c) Award to Plaintiffs Hako-Med USA, Inc., and Hako-Med GMbh costs, reasonable attorney's fees, and such other and further relief as this Court may deem just and proper.

## COUNT VIII MALICIOUS INJURY TO PLAINTIFFS' BUSINESS AGAINST JAMES GIBSON JR. & NICHOLAS EXARHOS

83.    Paragraphs 1-21 are reincorporated herein.

84.    Defendants' knowing and intentional false statements and representations of

material fact regarding Plaintiffs' business, and Defendants' wrongful conduct described herein were made and undertaken with the knowledge of Plaintiffs' rights and with the malicious intent to destroy Plaintiffs' business and to drive Plaintiffs out of business. See, Exhibits 3 and 4.

85.     Defendants acted with malice and without privilege. See Exhibit 3. Defendants' communications to Plaintiffs' clients and prospective clients, as described previously were known to be false when they were made or were made with reckless disregard for their truth, were intended by Defendants to be relied upon, were made without justification, and were in fact relied upon to the detriment of Plaintiffs. See Exhibits 3 and 4.

86.     As a direct and proximate result of Defendants' conduct, Plaintiffs are entitled to and suffered damages, including but not limited to loss of goodwill, loss of revenue from prospective customers, and costs associated with this litigation. See Exhibits 3 and 4.

87.     Defendants Gibson and Exharos acted as agents for Defendant Axiom in furtherance of Defendant Axiom's business and with specific authorization from Defendant Axiom, and Defendant Axiom is vicariously liable for those actions.

88.     Defendants' conduct was motivated by actual ill will , was willful, wanton, malicious and in reckless disregard of Plaintiffs' rights, as well as of the harm they caused and were foreseeably likely to cause Plaintiffs and, therefore, punitive damages should be imposed to deter such conduct in the future. See Exhibits 3 and 4.

WHEREFORE, Plaintiffs Hako-Med USA, Inc., and Hako-Med GMbh request that this Court:

(a) Issue preliminary and permanent injunctions against Defendant Axiom Worldwide, Inc. and its officers, agents, employee, successors and assigns, and all persons or entities acting on its behalf including prohibiting the sale of the Defendants EPS8000/NVP8500;

(b) Determine and assess against Defendants Gibson and Exharos and award Plaintiffs Hako-Med USA, Inc., and Hako-Med GMbh damages that the Plaintiffs have suffered as a result of the malicious injury to Plaintiffs' business by the Defendants and their officers, agents, employee, successors and assigns, and all persons or entities acting on their behalf;

(c) Award to Plaintiffs Hako-Med USA, Inc., and Hako-Med GMbh costs, reasonable attorney's fees, and such other and further relief as this Court may deem just and proper.

## COUNT IX CIVIL CONSPIRACY TO MALICIOUSLY INJURE PLAINTIFFS' BUSINESS AGAINST JAMES GIBSON JR. and NICHOLAS EXHAROS

89.     Paragraphs 1-21 are reincorporated herein.

90.     Defendants, acting in concert with each other and other persons and/or entities agreed to take collective actions, with malicious intent, to destroy Plaintiffs' business and to drive Plaintiffs out of business. See Exhibits 3 and 4. To establish a claim for civil conspiracy, the following elements must be established: 1) A conspiracy between two or more parties; (2) To do an unlawful act or to do a lawful act by unlawful means; (3) The execution of some overt act in pursuance of the conspiracy; and (4) Plaintiff suffers damage

as a result of the acts performed through the conspiracy.  See, Pezold Air Charters v. Phoenix Corp., 192 F.R.D. 721, 726 (M.D. Fla. 2000).  The underlying wrongful act ordinarily must constitute an independent cause of action against at least one of the conspirators (see Kee v. National Reserve Life Ins. Co. 918 F. 2d 1538, 1541 (11th Cir. 1990) unless the plaintiff can show the conspirators possessed, by virtue of their association, some peculiar power of coercion that an individual would not otherwise possess.

91.     In furtherance of their conspiracy and scheme, Defendants, acting in concert with each other and other persons and/or entities, took overt and wrongful acts to injure Plaintiffs' business, including those wrongful acts described herein.  See Exhibits 3 and 4.

92.     Defendants' conspiratorial acts were designed to injure Plaintiffs business and allow them to compete against Plaintiffs unfairly.  See Exhibits 3 and 4.

93.     Through their conspiratorial acts, Defendants have proximately caused substantial injury to Plaintiffs.  See Exhibits 3 and 4.

94.     Defendants' conspiracy to destroy Plaintiffs' business was carried out in willful, wanton, malicious and reckless disregard of Plaintiffs' rights, so that punitive damages should be imposed on Defendants.  See Exhibits 3 and 4.

WHEREFORE, Plaintiffs Hako-Med USA, Inc., and Hako-Med GMbh request that this Court:

> (a) Issue preliminary and permanent injunctions against Defendant Axiom Worldwide, Inc. and its officers, agents, employee, successors and assigns, and all persons or entities acting on its behalf prohibiting the

continued sale of the Defendants EPS8000/NVP8500;

(b)   Determine and assess against Defendants Gibson and Exharos and award

Plaintiffs Hako-Med USA, Inc., and Hako-Med GMbh damages that the

Plaintiffs have suffered as a result of the malicious injury to Plaintiffs'

business by the Defendants and their officers, agents, employee,

successors and assigns, and all persons or entities acting on its behalf;

(c)   Award to Plaintiffs Hako-Med USA, Inc., and Hako-Med GMbh costs,

reasonable attorney's fees, and such other and further relief as this Court

may deem just and proper.

DATED this 27th day of September 2006.

RAPPEL HEALTH LAW GROUP, P.L.

BY:   _____

CRAIG M. RAPPEL, TRIAL COUNSEL
Florida Bar No: 0752428
ROBERT RAPPEL, D.O., J.D.
Florida Bar No: 015156
Attorneys for Plaintiff
Bridgewater
1515 Indian River Boulevard
Suite A210
Vero Beach, Florida  32963-1216
Telephone: 772.778.8885
Fax:        772.778.8883

## DEMAND FOR JURY TRIAL

The Plaintiffs, HAKO-MED USA, INC., and HAKO-MED GMBH hereby demand a jury trial on all Counts raised in this Complaint pursuant to Rule 38 of the Federal Rules of Civil Procedure.

DATED this 27th day of September, 2006.

<div style="margin-left:40%;">

**RAPPEL HEALTH LAW GROUP, P.L.**

BY: _____

CRAIG M. RAPPEL, ESQUIRE
Florida Bar No. 0752428
ROBERT RAPPEL, D.O., ESQ.
Florida Bar No. 015156
Bridgewater
1515 Indian River Boulevard
Suite A210
Vero Beach, Florida 32960-7103
Telephone: 772.778.8885
Facsimile: 772.778.8883
Attorneys for Plaintiffs

</div>

42

## VERIFICATION

I HEREBY SWEAR OR AFFIRM that the above stated facts are true and correct.


_____
KAI HANSJURGENS, Pres. Hako-Med USA, Inc.

**STATE OF FLORIDA** )
**COUNTY OF INDIAN RIVER** )

Before me appeared, KAI HANSJURGENS., who is personally known to me and who did take an oath, and says that the statements contained in the foregoing Complaint are true and correct.

Sworn to and subscribed before me this _25_ day of September, 2006.


_____
Notary Public--State of Florida at large
My Commission expires:

JENNIFER D. PESHKE
Comm# DD0473500
Expires 9/19/2009
Bonded thru (800)432-4254
Florida Notary Assn., Inc

## VERIFICATION

I HEREBY SWEAR OR AFFIRM that the above stated facts are true and correct.

_____

ACHIM HANSJURGENS, Pres. Hako-GMbh

**STATE OF FLORIDA**              )
**COUNTY OF INDIAN RIVER**    )

Before me appeared, ACHIM HANSJURGENS., who is personally known to me and who did take an oath, and says that the statements contained in the foregoing Complaint are true and correct.

Sworn to and subscribed before me this 25 day of September, 2006.

_____

Notary Public--State of Florida at large
My Commission expires:

JENNIFER D. PESHKE
Comm# DD0473500
Expires 9/19/2009
Bonded thru (800)432-4254
Florida Notary Assn., Inc