UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**CASE NO.:** 8:06-cv-01790-JDW-EAJ
**JUDGE** : James D. Whittemore
**MAGISTRATE JUDGE:** Elizabeth A. Jenkins

**HAKO-MED USA, INC., a**
**foreign corporation;**
**HAKO-MED GMBH, a foreign**
**Corporation, E-MOS CIVIL**
**UNLIMITED CORPORATION**
**FED REP GERMANY, a foreign corporation;**
**and DR. ACHIM HANSJURGENS,**
**a subject of a Foreign State.**

      Plaintiffs,

vs.

**AXIOM WORLDWIDE, INC., a**
**Florida Corporation; JAMES GIBSON,**
**Jr., and NICHOLAS EXARHOS,**
**Florida residents.**

      Defendants.

_____/

## FIRST AMENDED VERIFIED COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION AND JURY DEMAND

Plaintiffs, DR. ACHIM HANSJURGENS, E-MOS CIVIL UNLIMITED

CORPORATION FED REP GERMANY, HAKO-MED USA, INC., and HAKO-MED

GMBH., (collectively hereinafter referred to as "Plaintiffs")  sue Defendants AXIOM

1

WORLDWIDE, INC. (hereinafter referred to as "Axiom"), JAMES GIBSON JR., ("Gibson"), and NICHOLAS EXARHOS, ("Exharos") and alleges:

## INTRODUCTORY STATEMENT

Plaintiffs seek preliminary and permanent injunctive relief against, and damages resulting from, an unlawful plan and actions by Axiom Worldwide, Inc., James Gibson Jr., President and CEO of Axiom, and Nicholas Exarhos, Executive Vice President of Axiom, to malign and damage Plaintiffs and their products via infringing upon Plaintiffs' intellectual property and patented technology embodied as Plaintiffs' internationally patented Horizontal Therapy, the core of Plaintiffs' product and what makes Plaintiffs stand out in their niche industry. Dr. Hansjurgens is the owner and inventor of the patent at issue, U.S. Patent No. 5,573,552. Defendants' patent infringement includes but is not limited to offering to sell a patented product containing patented technology which embodies Plaintiffs' patented Horizontal Therapy, patent infringement of claims 1, 3, and 5 of Plaintiffs' patented technology with respect to U.S Patent No. 5,573,552, and infringement of Plaintiffs' trademark, VASOPULSE. E-MOS CIVIL UNLIMITED CORPORATION FED REP GERMANY is the Registrant of the trademark at issue, VASOPULSE, U.S. Registration number 2,390,719.

Plaintiffs are a competitor of Defendant Axiom in a niche domestic and international pain management and electromedicine care market. The Plaintiffs with their global headquarters located in Karlsruhe, Germany, have been incorporated and doing business since <u>1991.</u> Specifically, Dr. Achim Hansjurgens, President of Hako-Med GmbH, and E-

2

MOS CIVIL UNLIMITED CORPORATION FED REP GERMANY established both Hako-Med GmbH in 1991 and E-MOS CIVIL UNLIMITED CORPORATION FED REP GERMANY in 1993. Hako-Med GmbH is a privately owned company established in 1991 in Hamburg, Germany by Dr. Hansjurgens, and his former partner, Koch Gmbh. The company moved from Hamburg, Germany to Karlsruhe, Germany in 2002 where it is presently located. From 2002 to the present time, Dr. Hansjurgens has been the sole member within the company. From 1993 to the present time, Dr. Hansjurgens has been the sole member within E-MOS CIVIL UNLIMITED CORPORATION FED REP GERMANY which was established and is located presently in Karlsruhe, Germany.

Hako-Med USA, Inc., is an affiliate and exclusive licensee, manufacturer, and distributor of Hako-med GmbH and E-MOS CIVIL UNLIMITED CORPORATION FED REP GERMANY with license rights to Hako-Med GmbH and E-MOS CIVIL UNLIMITED CORPORATION FED REP GERMANYS' intellectual property including the 552 patent and VASOPULSE mark at issue. Hako-Med USA, Inc. was established in 2002 by Kai Hansjurgens, President of Hako-Med USA, Inc. Defendant Axiom, with their global headquarters located in Tampa, Florida has only been incorporated and doing business since 2001. Despite the fact that the Plaintiffs have been incorporated and doing business in the pain management and electromedicine care markets for ten (10) years longer than Axiom, Axiom continues to represent that many of their products, including the EPS8000/NVP8500 which *literally* infringes upon the Plaintiffs' 552 patent, and infringes upon Plaintiffs' trademark, VASOPULSE shown in U.S. Registration No.

2,390,719, represent a "breakthrough in electrical-stimulation therapy".  The continued infringement of Plaintiffs' 552 patent, and Plaintiffs' trademark, VASOPULSE by the Defendant will elicit consumer confusion as to the source and/or sponsorship of the goods containing the patented and trademarked technology, and will continually take away from sales of the Plaintiffs' products.

This Complaint seeks damages against Defendant Axiom, which include damages as a result of Defendant Axiom willfully offering to sell a patented product, _literally and directly_ infringing on Plaintiffs' patented technology embodied in the 552 patent which encompasses the concepts of Plaintiffs' patented Horizontal Therapy, Axiom's infringement of the Plaintiffs' trademark, VASOPULSE shown in U.S. Registration No. 2,390,719, which constitutes a pattern and practice of fraud on medical consumers and competitors globally, damages for violations of section 43 of the Lanham Act, 11 U.S.C. § 1125(a), damages for the violations of the Defendant Axiom with respect to the Racketeer Influenced and Corrupt Organization Act Violations embodied under 18 U.S.C. § 1962 (c), and damages for tortious interference with a business conspiracy and related civil conspiracy charges against both Defendants Gibson, and Exarhos.  Plaintiffs have lost customers and customer revenue in excess of two point five ($2.5) million dollars and Plaintiffs sales are down approximately seventy six (76) ProElecDT2000/VasoPulse2000 units which contain the patent and mark at issue year to date as a direct and calculated result of the unlawful actions of the Defendants.

The Plaintiffs have standing to bring this action as they can show through this

complaint, motion for preliminary injunction, memorandum of law in support and affidavits of Kai Hansjurgens and Dr. Achim Hansjurgens that the Plaintiffs have suffered an actual or threatened injury, that the injury is fairly traceable to the challenged conduct of the Defendants, and that the injury is likely to be redressed by a favorable ruling.  See, Florida Right to Life, Inc. v. Lamar, 273 F.3d 1318, 1322 (11th Cir. 2001).  See Exhibit 4 attached hereto.

Additionally, the Plaintiffs have standing to bring this action as Dr. Achim Hansjurgens is the owner and inventor of the 552 patent and Dr. Achim Hansjurgens is President of E-MOS CIVIL UNLIMITED CORPORATION FED REP GERMANY, the Registrant of the Trademark at issue, VASOPULSE, and Dr. Achim Hansjurgens is the President of Hako-Med GmbH.  Finally, Hako-Med USA., Inc. has standing to bring this action along with the co-Plaintiffs as Dr. Hansjurgens, the owner and inventor of the accused 552 patent is named herein, E-MOS CIVIL UNLIMITED CORPORATION FED REP GERMANY, the registrant of the accused mark VASOPULSE is named herein, and as evidenced by the documents attached to the affidavit of Kai Hansjurgens and Dr. Achim Hansjurgens (Exhibit 4 attached hereto) Hako-Med GmbH, and E-MOS CIVIL UNLIMITED CORPORATION FED REP GERMANY have granted exclusive license rights to Hako-Med USA, Inc. to manufacture and distribute their products under their patents and trademarks.  Additionally, Dr. Achim Hansjurgens, Hako-Med GmbH, and E-MOS CIVIL UNLIMITED CORPORATION FED REP GERMANY have granted Hako-Med USA, Inc. the exclusive rights to use all of its intellectual property in the

United States, Canada, Mexico and South America, including the 552 patent and VASOPULSE trademark at issue. See, Exhibit 4 attached hereto. A licensee has standing to bring a patent infringement claim if the owner of the patent "patentee" is also joined in the suit. See generally, Prima Tek II. L.L.C. v. A-Roo Co., 222 F.3d 1372, 1377 (Fed. Cir. 2000).

## CITIZENSHIP & RESIDENCY

1.  Plaintiff, Hako-Med USA, Inc. is a foreign corporation organized and existing under the laws of the state of Hawaii, having its principal place of business at 1024 Puuwai Street Honolulu, Hawaii 96819-4330.

2.  Plaintiff, Hako-Med GmbH is a foreign corporation organized and existing under the laws of Germany, having its principal place of business at Karlsruhe, Germany.

3.  Plaintiff, Dr. Achim Hansjurgens is a subject of a foreign state, residing in Karlsruhe, Germany.

4.  Plaintiff E-MOS CIVIL UNLIMITED CORPORATION FED REP GERMANY is a foreign corporation, organized and existing under the laws of Germany, having its principal place of business at Karlsruhe, Germany.

5.  Defendant, Axiom Worldwide, Inc. ("Axiom") is a Florida corporation organized and existing under the laws of the state of Florida, having its principal place of business at 9423 Corporate Lake Dr. Tampa, Florida 33634, within the territorial jurisdiction of the Tampa Division of the United States District Court for the Middle District of Florida. Defendant Axiom may be served with process by delivering a copy

6

of the summons and complaint to an officer at the corporate address or by serving its registered agent, Joseph L. Shaheen, Jr. at 401 East Jackson Street, Suite 1700, Tampa, Florida 33602.

6.      Defendant James Gibson Jr. is a resident of the State of Florida and can be served with process at the corporate offices of Defendant Axiom at 9423 Corporate Lake Drive, Tampa, Florida 33634.  Defendant Gibson is the President and Chief Executive Officer of Defendant Axiom.

7.      Defendant Nicholas Exarhos is a resident of the State of Florida and can be served with process at the corporate offices of Defendant Axiom at 9423 Corporate Lake Drive, Tampa, Florida 33634.  Defendant Exarhos is the Executive Vice President of Defendant Axiom.

## JURISDICTION & VENUE

8.      This is an action for injunctive relief, patent infringement including direct literal infringement and offering to sell a patented product containing patented technology arising under the Patent Laws of the United States, Title 35, United States Code, trademark infringement and trade dress infringement for infringing upon the Plaintiffs' trademark, VASOPULSE shown in U.S. Registration No. 2,390,719, in violation of the Lanham Act, 15 U.S.C. §§ 1114, trade dress infringement in violation of Section 43 of the Lanham Act, 11 U.S.C. § 1125(a), violation of the Racketeer Influenced and Corrupt Organization Act arising under 18 U.S.C. § 1962 (c), tortious interference with contract and business relations, civil conspiracy to tortiously interfere with contract and business relations,

malicious injury to Plaintiffs' business, and civil conspiracy to maliciously injure Plaintiffs' business.

9.    The Court has jurisdiction over the claims in the Complaint herein below pursuant to 28 U.S.C. §1331, (because several of the claims alleged herein arise under the laws of the United States), under 28 U.S.C. § 1332 (because all Defendants are citizens of states diverse from those of Plaintiffs and the amount in controversy is in excess of $75,000, exclusive of interest and costs), and under 28 U.S.C. § 1367. This Court has personal jurisdiction over the Defendants because each has either in person or through an agent, in connection with the factual allegations of this lawsuit (1) transacted business within Florida, (2) committed a tortious act or omission in this state or committed a tortuous injury in this state caused by an act or omission outside this state, and/or (3) engaged in a persistent course of conduct and has derived revenues from goods used or consumed or services rendered in Florida.

10.    Venue is proper in the United States District Court for the Middle District of Florida, Tampa Division, under 28 U.S.C. §§1391-(b)-(c) and 1400(b) as the Defendant Axiom Worldwide, Inc. has its corporate headquarters located in Tampa, Florida.

## FACTS COMMON TO ALL COUNTS

11.    On or about November 12, 1996, U.S Patent No. 5,573,552 (hereinafter "patent 552") was duly and legally issued for the technology which embodies Dr. Achim Hansjurgens' patented Horizontal Therapy, to wit: an apparatus for electrotherapeutic

8

applications operating in the medium-frequency range between 1000 Hz and 100,000 Hz where, in relation to a body part to be treated, a circuit with medium-frequency current (MF current) is applied across two electrodes, with an invention which proposed to keep the amplitude of the MF current constant and to modulate the frequency by one thousand to several thousand Hz (corner frequencies) with a modulation frequency of >0 to several hundred Hz (for instance 200 Hz) in order to generate in synchronism with the modulation frequency action potentials in the treatment area.  See Exhibit 1 attached hereto.  See also, Exhibit A attached to the Affidavit of Dr. Hansjurgens, (Exhibit 4 attached hereto).

     12.     The Dr. Achim Hansjurgens is the owner of all right, title, and interest in and to the patent.  See, Exhibit 1.

     13.     Dr. Achim Hansjurgens, President of Hako-med GmbH and President of E-MOS CIVIL UNLIMITED CORPORATION FED REP GERMANY, is the inventor of the patent.  See, Exhibit 1.

     14.     In or about March of 2006, upon information and belief, Plaintiffs began to suspect that the Defendant Axiom had infringed the 552 Patent.  In or about June of 2006 upon viewing a manual from the Defendant's EPS8000/NVP8500, Plaintiffs' obtained confirmation that the Defendants had infringed the 552 patent by literally infringing upon claims one (1), three (3), and five (5) of the 552 patent as depicted in Axiom's user manual for the EPS8000/NVP8500.  See, copies of the User Guides for Axiom's EPS8000 and Hako-Med's PRO ElecDT2000 attached hereto as

Exhibit 2.   Additionally, through Axiom's sales and marketing of their EPS8000/NVP8500 Axiom has indirectly infringed upon the 552 patent by offering to sell a patented product containing patented technology.

15.   Specifically, Axiom has offered to sell a patented product through the extensive sales and marketing of their EPS8000NVP/8500 which is substantially similar to the Plaintiffs' PRO ElecDT2000 and VasoPulse 2000.  See, Exhibit 2 attached hereto. Additionally, see a copy of the Affidavit of Dr. Donald Bailey, and a statement from a Hako-Med sales rep after witnessing an Axiom sales presentation attached hereto as Exhibit 3. Axiom has contributorily infringed or induced infringement of the 552 patent in a literal fashion as (1.) Axiom has copied the "sweep rate" of Claim One (1) of the 552 patent, with frequencies between 0,1 Hz and 200 Hz, (2.) Axiom has infringed upon the 552 patent by copying claims one (1) and three (3) in which the Plaintiffs claim that the carrier frequencies and the modulation frequency are variable, and (3.) Axiom has infringed upon the 552 patent by copying the fifth (5th) claim of the 552  patent as the Plaintiffs claims that the patented MF-modulation technology can be used with not only one current path (two electrodes) but also with two (2) current paths (four electrodes) like Interferential, IF or more.  See, Exhibit 4, Affidavits of Kai Hansjurgens, and Dr. Achim Hansjurgens.

16.   Upon information and belief, Defendant's infringement of the patent is willful and deliberate and will continue unless enjoined by this Court as the Plaintiffs' machines are marked with "international patent" and/or Patent number 5,573,552 which

has not served to deter the Defendant in the least from marketing and/or offering to sell a patented product, and further directly and literally infringing upon the Plaintiff's patent including claims one (1), three (3), and five (5) as described herein and within Exhibits 2, 3, and 4.

17.     Of additional significance in this matter, the Plaintiffs are also aware that the Defendants have committed Trademark Infringement, arising under the Lanham Act, 15 U.S.C. §§ 1114, and Trade dress Infringement arising under the Lanham Act, in violation of section 43 of the Lanham Act, 11 U.S.C. § 1125(a), with respect to the Plaintiffs' mark, VASOPULSE, registered to E-MOS CIVIL UNLIMITED CORPORATION FED REP GERMANY, and Axiom's marketing and selling of the EPS8000/NVP8500 (Neuro **Vaso Pulse** 8500).

18.     Specifically, on September 22, 1997, Plaintiff E-MOS CIVIL UNLIMITED CORPORATION FED REP GERMANY filed an application with the United States Patent and Trademark office to register the mark VASOPULSE. On June 11, 2000 the mark, VASOPULSE, was published in the Official Gazette in accordance with section 12(a) of the Trademark Act of 1946.

19.     On October 3, 2000 the Registrant E-MOS CIVIL UNLIMITED CORPORATION FED REP GERMANY was issued a Certificate of Registration for the mark VASOPULSE shown in U.S. Registration No. 2,390,719. See, Exhibit 5 attached hereto. From October 3, 2000 to approximately September of 2005, the Registrant and its affiliates including Hako-Med USA, Inc. and Hako-Med GmbH enjoyed exclusive use

of the mark, VASOPULSE.

20.    Upon information and belief, in or about September of 2005, the Plaintiffs became aware that Defendant Axiom Worldwide Inc., a competitor in the electro-medical market was using the Plaintiff E-MOS CIVIL UNLIMITED CORPORATION FED REP GERMANY's mark, VASOPULSE to advertise and sell Axiom's "Neuro **Vaso Pulse System**" (NVP8500TM) used in conjunction with Axiom's EPS8000 which Axiom Worldwide Inc. currently advertises on their website represents a "breakthrough in electrical stimulation therapy". See, Exhibit 6 attached hereto. The Plaintiffs' engaged legal counsel to send a cease and desist letter to Defendant Axiom and the Defendant's response was to file a Cancellation Proceeding with the United States Trademark Trial and Appeal Board. See Exhibit 7 attached hereto.

21.    Despite the fact that Axiom Worldwide was only recently incorporated in 2001, ten (10) years after Hako-Med GmbH and E-MOS CIVIL UNLIMITED CORPORATION FED REP GERMANY, and one (1) entire year after E-MOS CIVIL UNLIMITED CORPORATION FED REP GERMANY was granted   the right to registration of the mark, VASOPULSE, see, Exhibit 8 attached hereto, upon information and belief, Axiom is undisputedly using a confusingly similar mark to indicate or identify similar goods marketed by it in competition with the Plaintiffs in the same trade area in which the Plaintiffs have already established their VASOPULSE trademark.   The Plaintiffs' goods, and certain of the goods sold by Defendant Axiom are closely related in that certain of Axiom's goods, including electrical stimulation therapy systems, and

vasopneumatic devices are sold for use by medical professionals to provide electrical stimulation therapy to patients. The Defendants actions not only constitute trademark infringement, but trade dress infringement as the packaging of the machines are similar, the accessories used in operation of the machine are identical, the colors of the packaging and corresponding supplies are identical and the Defendants even use the same suppliers as the Plaintiffs in obtaining the accessories and necessary information for operation of the machines.   The continued mis-use of the Plaintiffs' mark by the Defendant will undoubtedly cause a likelihood of confusion by eliciting consumer confusion as to the source and/or sponsorship of the goods bearing the Plaintiff's mark.

22.    The Plaintiff's mark is strong in that it is suggestive and thus inherently distinctive. The proximity of the goods are high as the goods are sold to the <u>same</u> class of purchasers and <u>similar</u> in use and function. The marks are similar in sight, sound, and meaning as VASOPULSE and NVP, which when broken down in the Defendant's literature is depicted as "Neuro **Vaso Pulse**". See, Exhibit 6.   It is highly likely that confusion has occurred both in the trade and in the mind of the buying public.   There are convergent marketing channels which increases the likelihood of confusion as both products are sold globally at trade shows for medical devices of this nature. The type of goods bearing the marks and purchaser care are similar in that both are medical devices sold in the field of electromedicine.  Both companies produce high quality, expensive goods, and generally both medical devices are purchased only after thoughtful, careful evaluation of the product and the performance the purchaser expects.   There is evidence

13

that Axiom intended to infringe upon the Plaintiffs' trademark as they were well aware of the Plaintiffs' products, and the significance of the products bearing the mark, VASOPULSE which is marked as being trademarked due to the nature of the niche market available for said products.  See, Exhibit 4.  Finally, due  to the Defendant Axiom's actions, there is a strong possibility that either party will expand their business to compete with the other.  Taken together, all of the afore-stated facts contribute to the Plaintiffs' arguments that the present use of the mark by the Defendant is infringing and likely to cause confusion.

23.     The Plaintiffs have been, and will continue to be, irreparably damaged by the Defendant's infringement of the aforesaid patent and trademark as well as the Plaintiffs trade dress, as Plaintiffs and Defendant are competitors in a niche market for electrical stimulation systems and accompanying medical devices premised upon concepts of electromedicine.   Additionally, the previous outlined actions of the Defendants constitute violations of the Racketeer Influenced and Corrupt Organizations Act under 18 U.S.C. § 1962(c), and the actions of Defendants Gibson and Exarhos through their association with Defendant Axiom Worldwide, Inc. constitute tortious interference with contract and business relations, civil conspiracy to tortiously interfere with contract and business relations, malicious injury to Plaintiffs' business, and civil conspiracy to maliciously injure Plaintiffs' business.

## COUNT I: INJUNCTIVE RELIEF AGAINST AXIOM WORLDWIDE, INC.

24.     Paragraphs 1 –23 are realleged.

14

25.     Pursuant to Fed. Rule Civ. P. 65(a)(1), this Court should grant a Preliminary Temporary and Permanent Injunction and enjoin the Defendant from continuing to market, sell, and/or manufacture the Defendant's electrical nerve stimulation medical device entitled EPS8000/NVP8500 on the grounds that immediate and irreparable loss, damage, and injury will result to Plaintiffs as more fully set forth herein as well as set forth within this Verified Complaint and accompany exhibits, the Motion for Preliminary Injunction and the Memorandum of Law in Support, and the Affidavits of  Kai Hansjurgens, President of Hako-Med USA, Inc., and Dr. Achim Hansjurgens, President of Hako-Med GmbH, and President of E-MOS CIVIL UNLIMITED CORPORATION FED REP GERMANY.

26.     The purpose of a preliminary injunction is usually to maintain the status quo until the merits of a case can be decided. See, e.g., Resolution Trust Corp. v. Cruce, 972 F.2d 1195, 1198 (10th Cir. 1992).  A preliminary injunction is also usually directed at freezing circumstances in place until there is greater opportunity to hear the merits of a case. See, e.g., CMM Cable Rep., Inc. v. Ocean Coast Properties, Inc., 48 F.3d 618, 620 (1st Cir. 1995). Courts grant preliminary injunctions ordering an alteration of the status quo only under circumstances where the merits clearly favor one party over another. See, e.g., Aoude v. Mobil Oil Corp., 862 F.2d 890, 893 (1st Cir. 1988). Rule 65(a)(1) prohibits issuance of a preliminary injunction without notice to the opposing party. See, Cf., Western Water Management, Inc. v. Brown, 40 F.3d 105, 109 (5th Cir. 1994). Additionally, Rule 65 requires that the court hold a hearing before granting or refusing a

preliminary injunction.  However, the scope of such a hearing is subject to the discretion

of the trial court.  See, e.g., <u>McDonald's Corp. v. Robertson</u>, 147 F.3d 1301, 1311-13

(11th Cir. 1998).

27.    The substantive requirements for injunctions are separate from and

additional to Rule 65 and are found predominantly in federal case law.  See e.g., <u>United

States v. Cohen</u>, 152 F.3d 321, 324 (4th Cir. 1998).  In deciding whether to grant an

injunction, courts generally weigh some or all of the following factors: (1) whether the

potential to the person seeking injunctive relief is irreparable, See, e.g., <u>Rodriguez v.</u>

<u>DeBuono</u>, 175 F.3d 227, 235 (2d Cir. 1999), (2) whether the person against whom an

injunction would be entered would be harmed excessively by the injunction; (3) whether

and to what extent, the grant or denial of injunction would affect interests of third

persons, including public interests; and (4) when a motion for temporary restraining order

or a preliminary injunction is before the court, whether the person seeking such relief is

likely to prevail on the merits when the case comes to trial.  See, e.g., <u>Prairie Band of</u>

<u>Potawatomi Indians v. Pierce</u>, 253 F.3d 1234 (10th Cir. 2001) (citing all four factors, but

observing that if party seeking preliminary relief can establish last three factors,

application of first fact is "less strict"); See also, <u>United States v. Power Engineering Co.</u>,

191 F.3d 1224, 1230 (10th Cir. 1999), cert denied, 529 U.S. 1086, 120 S. Ct. 1718, 146

L.Ed.2d 640 (2000).

28.    There is a likelihood of irreparable harm and the unavailability of an

adequate remedy at law in this case.  Specifically, due to the nature of the gross patent,

trademark, and trade dress infringement in the case at bar, as well as the Defendants'
violation of the Racketeer Influenced and Corrupt Organization Act and the Defendants
acts of tortious interference and civil conspiracy, there is a likelihood of irreparable harm
and the unavailability of an adequate remedy at law if the Defendants are not enjoined by
this Honorable Court.  Specifically, the Plaintiffs as well as the medical community at
large in the field of electromedicine will suffer a set-back in development of new
treatments, devices, and protocols due to confusion, mis-representations, and false
advertising of the Defendants' products and the potential of the Defendants' fraudulent
actions to push the Plaintiffs from their niche market.  The Plaintiffs have no adequate
remedy at law as the Defendants have managed to infringe upon both the 552 patent as
well as the mark, VASOPULSE, despite the Defendants' knowledge of the Plaintiffs'
holding of said patent, and despite the Defendants' knowledge and attempts to cancel
Plaintiffs' mark as more fully set out within Exhibits 1-8 attached hereto and
incorporated herein.

29.   The Plaintiffs have a substantial likelihood of success on the merits in this
case.  The actions of the Defendants described herein constitute fraud and
misrepresentation on the medical community associated with electromedicine as more
fully set out within the Motion for Preliminary Injunction, Memorandum of law in
support, and Affidavits of Kai Hansjurgens, President of Axiom USA, Inc. and Dr.
Achim Hansjurgens, President of Hako-Med GmbH and E-MOS CIVIL UNLIMITED
CORPORATION FED REP GERMANY incorporated herein.  The Plaintiffs have held a

patent and trademark for their product, the PROElecDT2000 and VasoPulse2000 for more than five (5) years and have been involved in the field of electromedicine for over thirty (30) years, and specifically have been involved in said field ten (10) years prior to the incorporation of Axiom. Additionally, the Plaintiffs' product has been granted 510k approval for marketing by the FDA. See, Exhibit 9 attached hereto. Despite these facts, the Defendants advertise and market their product as a "breakthrough in electrical stimulation therapy." See, Exhibit 6 attached hereto.   The Defendants' actions undoubtedly constitute patent infringement via a literal infringement of the claims within the Plaintiff's 552 patent, as well as offering to sell a patented product containing patented technology, and trademark infringement as well as trade dress infringement as the continued mis-use of the Plaintiff's mark, VASOPULSE, by the Defendant will undoubtedly cause a likelihood of confusion by eliciting consumer confusion as to the source and/or sponsorship of the goods bearing the Plaintiffs' mark. See, Polaroid Corp. v. Polarad Elect. Corp., 287 F.2d 492 (2d Cir.), cert. denied, 386 U.S. 820 (1961). As the Plaintiffs can establish the elements of patent, trademark, and trade dress infringement, and the Defendants' actions constitute a violation of the Racketeer Influenced and Corrupt Organization Act violations under 18 U.S.C. § 1962(c), and the Defendants' actions constitute tortious interference and civil conspiracy, the Plaintiffs have a substantial likelihood of success on the merits.

30.   The threatened injury to the petitioner outweighs any possible harm to the respondent. Specifically if this preliminary injunction is granted, the injury, if any,

to the Defendants, if final judgment is in their favor, will be <u>trivial</u> due to the Defendants past and presently ongoing pattern of false statements with regard to Axiom's product which has allowed Axiom and its distributors to continuously sell the EPS8000/NVP8500 at an <u>inflated price</u> with representations of "breakthrough technology" to the exclusion of other competitive devices including Plaintiffs' patented and trademarked PRO ElecDT2000 and VasoPulse 2000. The Defendants' actions have managed to cause confusion within the industry dealing with electromedical devices causing the Defendants' sales to rise at the expense of the Plaintiffs' sales, and at the expense of "pirating" the Plaintiffs' intellectual property. Therefore, Defendant Axiom will be adequately indemnified by bond of twenty five thousand dollars ($25,000.00)**.**

31.    The granting of the temporary injunction will not disserve the public interest. The actions of the Defendants with respect to the within matter have constituted nothing more than greed, arrogance, and a propensity not to tell the truth. To wit, the Defendants' actions of offering to sell a patented product, and offering to sell a product that is substantially similar to that of Plaintiff's, as well as Defendant Axiom's literal infringement upon Claims one (1), three (3), and five (5) of the Plaintiffs' 552 patent, and Defendant Axiom's trademark and trade dress infringement of the Plaintiffs' mark, VASOPULSE which has a high likelihood of causing consumer confusion constitutes a pattern and practice of fraud on medical consumers and competitors. Clearly, the foregoing actions by Axiom as well as Gibson and Exarhos which the Plaintiffs now ask this Honorable Court to enjoin do not constitute a service to the public interest, but

rather a dis-service which the granting of a temporary and permanent injunction in this action will serve to alleviate.

WHEREFORE the Plaintiffs, HAKO-MED USA, INC., HAKO-MED GMBH, DR. ACHIM HANSJURGENS, and E-MOS CIVIL UNLIMITED CORPORATION FED REP GERMANY demand judgment against AXIOM WORLDWIDE, INC. for a temporary and permanent injunction enjoining the Defendant, AXIOM WORLDWIDE, INC. from further infringement of the 552 patent including enjoining the Defendant from continuing to sell, market, and/or manufacture Axiom's electrical stimulation system model designation EPS8000/NVP8500 for the remainder of the term for which the patent has been granted, in accordance with the Patent Laws of the United States, Title 35, United States Code, and which unlawfully infringes upon the Plaintiffs' trademark, VASOPULSE, shown in U.S. Registration No. 2,390,719, which unlawfully infringes upon the Plaintiffs' trade dress, and which unlawfully violates the Racketeer Influenced and Corrupt Organization Act Violations embodied under 18 U.S.C. § 1962 (c).

Additionally, Plaintiffs ask this Honorable Court to Award Hako-Med USA, Inc., Hako-Med GmbH, Dr. Achim Hansjurgens, and E-MOS CIVIL UNLIMITED CORPORATION FED REP GERMANY damages adequate to compensate the Plaintiffs for such acts of infringement and to increase the damages to three times the amount found or assessed in accordance with 35 U.S.C. § 284.

Additionally, Plaintiffs ask this Honorable Court to Award Hako-Med USA, Inc., Hako-Med GmbH, Dr. Achim Hansjurgens, and E-MOS CIVIL UNLIMITED

CORPORATION FED REP GERMANY costs, reasonable attorney's fees, and such other and further relief as this Court may deem just and proper.

## COUNT II: PATENT INFRINGEMENT AGAINST AXIOM WORLDWIDE, I NC.

32.     Paragraphs 1-23 are realleged.

33.     This cause of action is for patent infringement arising under the Patent Laws of the United States, Title 35, United States Code, 35 U.S.C. 271 a-d.

34.     On or about November 12, 1996, Patent 552 was duly and legally issued for an apparatus for electrotherapeutic applications operating in the medium-frequency range between 1000 Hz and 100,000 Hz.   Patent 552 embodies the concepts and technology which constitute Plaintiffs' internationally patented Horizontal Therapy, the core of Plaintiffs' unique product, and what makes Plaintiffs stand out in the niche industry of electromedicine. See, Exhibit 1. See also, Exhibit 4.

35.     Dr. Achim Hansjurgens is the owner of all right, title and interest in and to Patent 552. See, Exhibit 1 and 4.

36.     Defendant Axiom has infringed the 552 patent directly in violation of 35 U.S.C. 271(a) by literally copying claims one (1), three (3), and five (5) as disclosed and claimed by the Plaintiffs in the 552 patent. See Exhibits 1,2,3,& 4.

37.     Defendant Axiom  has infringed the 552 patent in violation of 35 U.S.C. 271 (c) by offering to sell and selling a patented product within the United States.  See Exhibits 1, 2, 3, & 4.

38.     Defendant Axiom's infringement of the 552 patent is willful and

deliberate and will continue unless enjoined by this Court. See, Exhibits 3 and 4.

39.     At the very least the Defendant Axiom's infringement constitutes a violation of the doctrine of equivalents in patent infringement as  if this Court does not find that the Defendant's practice represents a literal infringement, Defendant's practice certainly represents infringement in violation of 35 U.S.C. 271( c) by offering to sell and selling a patented product, and via the principles of equivalency as Axiom has at the *least* made insubstantial changes to the EPS8000/NVP8500 when analyzed next to the Plaintiff's PRO ElecDT2000 and VasoPulse 2000. As the Supreme Court has held, "if two devices do the same work in substantially the same way, and accomplish substantially the same result, they are the same, even though they differ in name, form, or shape." See Union Paper Bag Machine Co. v. Murphy, 97 U.S. 120, 125 (1877). See also, Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co., No. 00-1543 (S. Ct. May 2002).     The doctrine of equivalents holds that a patentee can claim rights to inconsequential alterations to the thing patented, which are not literally covered by the original claims, but that could be achieved with little effort. See, Hilton Davis Chemical Co. v. Warner Jenkinson Co., Inc., 62 F.3d 1512, 1517 (Fed. Cir. 1995). In other words, the Doctrine of Equivalents protects a patentee from infringement by a person who makes insubstantial changes to the patented invention, taking the new device out of the literal realm of the claims, yet basically embodying the same invention which at the very least, the Plaintiffs are arguing in this instance.

40.     Plaintiffs have been and will continue to be, irreparably damaged by the

Defendant's infringement of the aforesaid 552 patent.  See Exhibits 1-8.

     41.    The Plaintiffs have no adequate remedy without the intervention of this Court.

WHEREFORE, Plaintiffs Hako-Med USA, Inc., Hako-Med GmbH, Dr. Achim Hansjurgens, and E-MOS CIVIL UNLIMITED CORPORATION FED REP GERMANY request that this Court:

(a)    Issue a temporary and permanent injunction enjoining the Defendant, AXIOM WORLDWIDE, INC. from further infringement of the 552 patent including enjoining the Defendant from continuing to sell, market, and/or manufacture Axiom's electrical stimulation system model designation EPS8000/NVP8500 for the remainder of the term for which the patent has been granted, in accordance with the Patent Laws of the United States, Title 35, United States Code,

(b)    Additionally, Plaintiffs ask this Honorable Court to Award Hako-Med USA, Inc., Hako-Med GmbH, Dr. Achim Hansjurgens, and E-MOS CIVIL UNLIMITED CORPORATION FED REP GERMANY damages adequate to compensate the Plaintiffs for such acts of infringement and to increase the damages to three times the amount found or assessed in accordance with 35 U.S.C. § 284.

(c)    Additionally, Plaintiffs ask this Honorable Court to Award to Plaintiffs Hako-Med USA, Inc., Hako-Med GmbH, Dr. Achim Hansjurgens, and E-MOS

CIVIL UNLIMITED CORPORATION FED REP GERMANY costs, reasonable attorney's fees, and such other and further relief as this Court may deem just and proper.

## COUNT III: TRADEMARK INFRINGEMENT ARISING UNDER 15 U.S.C. 1114 AGAINST AXIOM WORLDWIDE, INC.

42.      Paragraphs 1-23 are realleged.

43.      The Defendants have committed Trademark Infringement arising under the Lanham Act, 15 U.S.C. §§ 1114 with respect to the Plaintiffs' mark, VASOPULSE, shown in U.S. Registration No. 2,390,719.  See, Exhibits 4-7 attached hereto.  The standard applied in a trademark infringement action is "likelihood of confusion".  See, AMF, Inc. v. Sleekcraft Boats, 599 F.2d 341 (9th Cir. 1979).  The use of a trademark in connection with the sale of a good constitutes infringement if it is *likely to cause consumer confusion as to the source of those goods or as to the sponsorship or approval of such goods.*  Id.  A highly relevant factor to whether there is a likelihood of confusion between the goods is based on whether the goods produced by the alleged infringer compete for sales with those of the trademark owner.  In these cases, infringement is usually found if the marks are sufficiently similar that confusion can be expected.  Id.

44.      Confusion between related goods is likely in this case and, the following factors are relevant in determining this likelihood of confusion:

    1.  strength of the mark;
    2.  proximity of the goods;
    3.  similarity of the marks;
    4.  evidence of actual confusion;
    5.  marketing channels used;

24

     6.  type of goods and the degree of care likely to be exercised by the purchaser;

     7.  defendant's intent in selecting the mark; and

     8.  likelihood of expansion of the product lines.

See, e.g. <u>Sleeper Lounge Co. v. Bell Manufacturing Co.</u>, 253 F.2d at 722.

     45.    It is clear in the case at bar that Defendants' use of the Plaintiffs' trademark, VASOPULSE, as **Neuro Vaso Pulse** on their NVP8500 product, and as stated numerous times in their product literature and advertisements to be "Vaso Pulse" (see Exhibit 6) has a high likelihood of creating confusion as the products at issue are sold in the same market and to the same consumer.  See, <u>AMF Inc. v. Sleekcraft Boats</u>, 599 F.2d 341 (9th Cir. 1979).

     46.   **Strength of the mark**:

     The Plaintiff's mark is strong in that it is suggestive and thus inherently distinctive. A suggestive mark is a mark that evokes or suggests a characteristic of the underlying good.  Some exercise of imagination is needed to associate the word with the underlying product; however, the word is not totally unrelated to the underlying product. See generally, <u>Watkins Products, Inc. v. Sunway Fruit Products, Inc.</u>, 311 F.2d 496 (CA 7 1962).  The goods sold in connection with Plaintiff's mark **VASOPULSE**, as identified in the Registration, include:

> "medical therapeutic appliances, namely, electronic stimulator for physical therapy and electrotheutical [sic] treatments for use on nerves and muscles; medical, surgical and veterinary-medical apparati, appliances and instruments, namely, electrotherapeutical apparati, ultra sonic apparati and magnetic field apparati, all for use in connection with the medical treatment of nerves and muscles for purposes of pain management and muscle stimulation."

25

See, Exhibit 5 attached hereto.  Therefore, as the Plaintiffs' description of the goods sold

in connection with the mark VASOPULSE evokes and/or suggests a characteristic of the

underlying good, the mark is thus suggestive and given a high degree of protection.  Id.

47.    **Proximity of the goods**:

The proximity of the goods (Plaintiffs' ProElecDT2000 VASOPULSE

2000 and Defendant's EPS8000/NVP8500) is high as the goods are sold to the same class

of purchasers in a niche market and similar in use and function.  See, Exhibit 2 attached

hereto.  For related goods, the danger presented is that the public will mistakenly assume

there is an association between the producers of the related goods, when there is in fact

no association.  The more likely the public is to make such an association, the less

similarity in the marks is requisite to a finding of likelihood of confusion.  See, American

Steel Foundries v. Robertson, 269 U.S. 372, 382, 46 S. Ct. 160, 70 L.Ed. 317 (1926);

Russell Chemical Co. v. Wyandotte Chemicals Corp., 337 F.2d 660, 52 C.C.P.A. 807

(1964).

48.    **Similarity of the marks:**

The marks are similar in sight, sound, and meaning as "VASOPULSE" and "Vaso

Pulse".  When "NVP" is spelled out in the literature accompanying the Defendant's

NVP8500 it is described and depicted as "Neuro Vaso Pulse", and also as "Vaso Pulse"

See, Exhibits 2 and 6.  Standing alone, the marks "VASOPULSE" and "Vaso Pulse" are

the same except for the space between "Vaso" and "Pulse" as used by the Defendants.

Therefore, the marks are nearly identical in sight and sound.  See, Communications

26

Satellite Corp. v. Comcet, Inc., 429 F.2d at 1249 (only slight visual difference between Comsat and Comcet); Polaroid Corp. v. Polaraid, Inc., 319 F.2d 830 (CA 7 1963) (Polaroid cameras and lenses and Polaraid heating and refrigeration systems); Cf. Drexel Enterprises, Inc. v. Hermitage Cabinet Shop, Inc., 226 F.Supp. 532, 538 (N.D. Ga. 1967) (addition of single letter on name of furniture line does not change appearance).  To the eye, the words are similar.  Id.   To the eyes and ears the words are also similar sound and meaning as VASOPULSE and Vaso Pulse use the same spelling, have the same sound, and are utilized in the same manner thus carrying the same meaning as it pertains to the Plaintiffs' PROElecDT2000 with VASOPULSE2000, and the Defendant's EPS8000/NVP8500.  See, Exhibits 2 and 6.  Similarity of the marks is tested on three levels: sight, sound, and meaning.  See, Plough, Inc. v. Kreis Laboratories, 314 F.2d 635, 638 (CA 9 1963).  Each element must be considered as they are encountered in the marketplace.  Id.

49.    **Evidence of Actual confusion:**

In this case, the affidavit of Dr. Donald Bailey attached hereto as Exhibit 3 reveals evidence of actual confusion as to the origination of the products, the contents of the products, and the capabilities of the technology within the products.

Evidence that use of the two marks has already led to confusion is persuasive proof that future confusion is likely.  See, Plough, Inc. v. Kreis Laboratories, 314 F.2d at 639.  Because of the difficulty in garnering such evidence, the failure to prove instances of actual confusion is not dispositive.  See, Drexel Enterprises, Inc. v.

Hermitage Cabinet Shop, Inc., 266 F.Supp. at 537.

50.    **Marketing channels:**

There is no doubt that the Plaintiffs and Defendant share convergent marketing channels as this is a niche market.  Additionally, both products are sold globally at the same trade shows for medical devices of this nature.  Convergent marketing channels increase the likelihood of confusion.  See, J.T. McCarthy, Trademarks and Unfair Competition s 23:23 (1973).

51.    **Type of good and purchaser care:**

Due to the niche market and the medical devices at issue, both companies produce and/or purport to produce high quality, expensive goods, and generally both medical devices are purchased only after thoughtful, careful evaluation of the product and the performance the purchaser expects.  Therefore, there is a likelihood of confusion to the public due to the type of good and purchaser care involved with said products.  See, Exhibit 3 attached hereto.  In assessing the likelihood of confusion to the public, the standard used by the courts are the typical buyer exercising ordinary caution.  See, HMH Publishing Co. v. Lambert, 482 F.2d 595, 599 n. 6 (CA 9 1973).

52.    **Intent:**

Defendant Axiom's use of the Plaintiffs' registered trademark, VASOPULSE,  on its website, and through the distribution of its product and marketing materials related to its product (NVP8500) was intentional and was for the purpose of misleading consumers and causing potential consumers of Plaintiffs' products to be

confused as to association with Defendant Axiom rather than the Plaintiffs. This intent is evidenced by the previously initiated proceedings before the United States Trademark Trial and Appeal Board, and due  to the previous cease and desist letter sent to the Defendants by the Plaintiffs, and due to the documents embodied within Exhibits 1-8 attached hereto. There is clear evidence that the Defendant acted with intent with respect to the infringement alleged in this matter.  As a result of Defendant Axiom's infringement, as described above, consumers are likely to be confused as to the distinction between the Plaintiffs' products, marketed under its protected trademark, and Defendant Axiom's competing product wrongfully infringing upon the Plaintiffs' mark. When the alleged infringer knowingly adopts a mark similar to another's, reviewing courts presume that the defendant can accomplish his purpose: that is, that the public will be deceived. See, Fleischmann Distilling Cop. V. Maier Brewing Co., 314 F.2d 157-58.

53.   **Likelihood of Expansion:**

Due to the Defendant Axiom's actions, and the nature of the niche market within which the Plaintiffs and Defendant operate, there is a strong possibility that either party will expand their business to compete with the other, therefore there is further evidence of a likelihood of confusion. When goods are closely related, any expansion is likely to result in direct competition. See, Communications Satellite Corp. v. Comcet, Inc., 429 F.2d at 1253. Where the evidence shows that both parties are diversifying their model lines, the potential that one or both of the parties will enter the other's submarket with a competing model is strong. See, AMF Inc. v. Sleekcraft Boats, 599 F.2d 341 (9th Cir.

1979).

54.     Taken together, all of the afore-stated facts contribute to the Plaintiffs' arguments that the present use of the mark by the Defendant is intentional, deliberate, and likely to cause confusion and thus constitutes an infringement of the Plaintiffs' trademark, VASOPULSE.

WHEREFORE, Plaintiffs Hako-Med USA, Inc., Hako-Med GmbH, Dr. Achim Hansjurgens, and E-MOS CIVIL UNLIMITED FED REP GERMANY request that this Court enter judgment in their favor against Defendants, jointly and severally, as follows:

(a) That Plaintiffs are the owners of the entire right, title, and interest in and to the Mark.

(b) That Plaintiffs' rights in their Mark are valid, enforceable, and have been infringed by Defendants, and that Defendants have violated other relevant federal and state laws and regulations.

(c) That Defendants, their agents, servants, employees, attorneys, and all persons in active concert or participation with them, be preliminarily and permanently enjoined and restrained from: (1) using Plaintiffs' Mark and other designations, designs, and indicia which are likely to cause confusion, mistake, or deception with respect to Plaintiffs' rights; (2) causing internet searchers who use a mark or slogan of Plaintiffs to be misdirected to any Web site of the Defendants; and (3) otherwise infringing rights in the Mark and competing unfairly with

Plaintiffs including enjoining the Defendants from further manufacturing, marketing or sale of the EPS8000/NVP8500 containing the infringed upon mark, VASOPULSE for the remainder of the Plaintiff's registration period of the mark.

(d)  That Defendants willfully infringed Plaintiffs' rights.

(e)  That Defendants be required to pay to Plaintiffs such damages, statutory or otherwise, together with prejudgment interest thereon, as Plaintiff has sustained as a consequence of Defendants' wrongful acts, and to account for and return to Plaintiff any money, profits, and advantages wrongfully gained by Defendants.

(f)  That all damages sustained by Plaintiff be trebled.

(g)  That Defendants be required to pay to Plaintiffs attorneys' fees, expenses, and costs incurred in this action.

(h)  That Defendant deliver up for impoundment during the pendency of this action, and for destruction upon entry of judgment, all products, fixtures, writings, signage, art work, and other material which infringe Plaintiffs' rights, falsely designate source of origin, or otherwise facilitate Defendants' unfair competition with Plaintiff.

(i)  That Defendants notify all third party search engine operators of this order and request that such operators assure there is no longer any association between any of Plaintiffs' marks or slogans with any Web

site operated by the Defendants.

(j) That Defendants be directed to file with this court and serve on Plaintiffs within thirty (30) days after the service of an injunction, a written report under oath setting forth in detail the manner and form in which Defendants have complied with this injunction.

(k) That Plaintiffs Hako-Med USA, Inc., Hako-Med GmbH, Dr. Achim Hansjurgens, and E-MOS CIVIL UNLIMITED CORPORATION FED REP GERMANY be granted such further relief as the Court may deem appropriate.

## COUNT IV: TRADE DRESS INFRINGEMENT IN VIOLATION OF SECTION 43 OF THE LANHAM ACT, 11 U.S.C. § 1125(a) AGAINST AXIOM WORLD WIDE, INC.

55.     Paragraphs 1-23 are realleged.

56.     Plaintiffs' advertising, particularly advertising using the term "VASOPULSE" is used in close proximity to, and designates the origin of, Plaintiffs' PROELECDT2000 and VASOPULSE2000 machines.  Specifically, Plaintiffs' use of VASOPULSE as well as its advertisements constitutes protectable trade dress. Additionally, Plaintiffs' packaging, and accessories used in conjunction with the PROELECDT2000 and the VASOPULSE2000 machines is used in close proximity to and designates the origin of Plaintiffs' devices at issue.

57.     Defendant Axiom's publication and use of advertisements which utilize Plaintiffs' trademark, VASOPULSE, and which copy the overall appearance of

32

Plaintiffs' advertisements and product marketing strategies and production constitute trade dress infringement which is likely to cause consumer confusion in violation of Section 43 of the Lanham Act, 11 U.S.C. § 1125(a). See, Exhibit 6. Additionally, Axiom's use of similar packaging of the machines, use of identical accessories used in operation of the machines, use of identical colors of the packaging and corresponding supplies, and use of the exact same suppliers as the Plaintiffs in obtaining the accessories and necessary information for operation of the machines by the Defendants clearly constitutes trade dress infringement.

58.     Protectable trade dress is infringed when a "likelihood of confusion" exists between Defendant's trade dress and Plaintiff's trade dress. See, e.g. Ambrit v. Kraft, 812 F.2d 1531 (11th Cir. 1986). The similarity between trade dress is gauged by the "ordinary buyer" standard. Id. The question to be determined is would the "unthinking" buyer believe both products came from the same source? If the same overall impression leads the ordinary buyer to that conclusion, infringement probably exists. Id.

59.     Plaintiffs are entitled to damages, in an amount to be determined at trial resulting from the illegal acts of Defendant Axiom.

60.     Use of Plaintiffs' trade dress by Axiom, if not stopped, will irreparably harm Plaintiffs.

WHEREFORE, Plaintiffs Hako-Med USA, Inc., Hako-Med GmbH, Dr. Achim Hansjurgens, and E-MOS CIVIL UNLIMITED CORPORATION FED REP GERMANY request that this Court:

(a) Issue preliminary and permanent injunctions against further infringement of Plaintiffs' trade dress via the use of Plaintiffs' trademark VASOPULSE, shown in U.S. Registration number 2,390,71 by Defendant Axiom Worldwide, Inc. and its officers, agents, employee, successors and assigns, and all persons or entities acting on its behalf, including prohibiting the Defendant from continuing to sell, market, and/or manufacture the EPS8000/NVP8500;

(b) Determine and assess against Defendant Axiom Worldwide, Inc. and award Plaintiffs Hako-Med USA, Inc., Hako-Med GmbH, Dr. Achim Hansjurgens, and E-MOS CIVIL UNLIMITED CORPORATION FED REP GERMANY damages that the Plaintiffs have suffered as a result of the use of trade dress that is confusingly similar to Plaintiffs' trade dress via the infringement of the Plaintiffs' trademark, VASOPULSE, shown in U.S. registration number 2,390,71, including lost profits, but no less than a reasonable royalty, with said award to be trebled; and

(c) Award to Plaintiffs Hako-Med USA, Inc., Hako-Med GmbH, Dr. Achim Hansjurgens, and E-MOS CIVIL UNLIMITED

CORPORATION FED REP GERMANY costs, reasonable

attorney's fees, and such other and further relief as this Court

may deem just and proper as Defendant Axiom's use of the

Plaintiffs' trade dress was undertaken by the Defendant

intentionally, maliciously, and in bad faith therefore in

addition to actual damages, Plaintiffs are entitled to

exemplary damages and attorney's fees.

## COUNT V: RACKETEER INFLUENCED & CORRUPT ORGANIZATION ACT VIOLATIONS UNDER 18 U.S.C. § 1962 (c) AGAINST AXIOM WORLDWIDE, INC.

61.     Paragraphs 1-23 are realleged.

62.     The Defendant has conducted and/or participated in the conduct of

Plaintiffs' affairs through a pattern of racketeering activity.  Plaintiffs are engaged in, and

their activities affect interstate commerce.  Defendant has violated 18 U.S.C. § 1962.

  Plaintiffs have standing to bring this action as they have been injured in their business

by the Defendants conduct constituting the violation.  See, Sedima, S.P.R.L. V. Imrex

Co. 473 U.S. 479, 496, 105 S. Ct. 3275, 3285 (1985).

63.     The Racketeer Influenced and Corrupt Organizations Act (RICO)

prohibits certain conduct involving a "pattern of racketeering activity," 18 U.S.C. § 1962,

and makes a private right of action available to "any person injured in his business or

property by reason of a violation" of RICO's substantive restrictions, Sec. 1964(c)

provided that the alleged violation was the proximate cause of the injury. See, Anza v. Ideal Steel Supply Corp., No. 04-433 (2006) citing Holmes v. Securities Investor Protection Corporation, 503 U.S. 258. Under Holmes, proximate cause for Sec. 1964(c) purposes requires "some direct relation between the injury asserted and the injurious conduct alleged. Id at 268.

64.     There is a direct relation between the injury asserted and the injurious conduct alleged by Plaintiffs in that Defendant Axiom shares an ongoing venture and association, with the purpose of maximizing revenue through the fraud-based sale and promotion of products including the EPS8000/NVP8500 which is a direct competitor of Plaintiffs' PROELECDT2000/VASOPULSE2000 product.

65.     Through a pattern of racketeering activity, the specified Defendant conducted has participated, directly or indirectly, in the conduct of Plaintiffs' affairs by at least:

> a. Directly and literally infringing upon the Plaintiff's 552 Patent;
>
> b. Offering to sell a patented product containing patented technology;
>
> c. Infringing upon the Plaintiffs' trademark, VASOPULSE;
>
> d. Committing trade dress infringement with respect to the Plaintiffs' product at issue
>
> d. Selling a product that is substantially similar to that of Plaintiffs'.

66.     The pattern of racketeering activity consisted, and still consists on an ongoing basis, of repeated acts of mail fraud in interstate commerce, utilizing the United

States Mail in contravention of 18 U.S.C. § 1341, and repeated acts of wire fraud in interstate commerce, utilizing electronic mail and telephone communications in contravention of 18 U.S.C. §§ 1343.

67.     Defendant Axiom used the United States mail and wires in furtherance of a scheme to defraud consumers through misrepresentation about Defendant Axiom's products including the EPS8000/NVP8500. Defendants participated in this scheme and intended to defraud those consumers, based on their knowledge of the falsity of the claim and sale of a patented product which infringed on the Plaintiffs' 552 patent and the Plaintiffs' trademark, VASOPULSE. Consumers have in fact been defrauded as a result of Defendant Axiom's actions.

68.     Defendant Axiom's conduct directly impacted and impeded interstate commerce by obstructing and affecting the interstate business operations of Plaintiffs.

69.     The racketeering activity described herein has been continuous and long-term and constitutes a pattern of racketeering activity pursuant to 18 U.S.C. § 1961(5). Defendants continue to engage in unlawful acts that allow them to conduct or participate in the conduct of Plaintiffs' business. The harm caused to Plaintiffs by Defendants' racketeering activity is therefore likely to continue until, on information and belief, they achieve their ultimate objective of driving Plaintiffs from the market.

70.     As a direct and proximate result of Defendants' racketeering activities and violations of 18 U.S.C. § 1962 (c), Plaintiffs have suffered concrete financial injury in their business and property such as:

a. The loss of sales in excess of $2.5 million dollars; and

b. The diminution of Plaintiffs' business value and goodwill

71. The injuries that Plaintiffs suffered as a result of Defendants' conduct or participation in the conduct of Plaintiffs' affairs are separate and distinct from the injuries that Plaintiffs have suffered as a result of Defendants' predicate acts of racketeering.

72. As a proximate result of the unlawful conduct alleged herein, Plaintiffs have sustained damages in excess of $2.5 million dollars to be proved at trial. These damages should be trebled.

**WHEREFORE**, Plaintiffs Hako-Med USA, Inc., Hako-Med GmbH, Dr. Achim Hansjurgens, and E-MOS CIVIL UNLIMITED FED REP GERMANY request that this Court:

(a) Issue preliminary and permanent injunctions against further violations of the Racketeer Influenced and Corrupt Organization Act Violations under 18 U.S.C. 1962(c) by Defendant Axiom Worldwide, Inc. and its officers, agents, employee, successors and assigns, and all persons or entities acting on its behalf; including prohibiting the Defendant from continuing to sell, market, and/or manufacture the EPS8000/NVP8500;

(b) Determine and assess against Defendant Axiom Worldwide, Inc. and award Plaintiffs Hako-Med USA, Inc., Hako-Med GmbH, Dr. Achim Hansjurgens, and E-MOS CIVIL UNLIMITED CORPORATION

FED REP GERMANY damages that the Plaintiffs have suffered as a result of the violation of the Racketeer Influenced and Corrupt Organization Act Violations under 18 U.S.C. 1962(c) by Defendant Axiom Worldwide, Inc. and its officers, agents, employee, successors and assigns, and all persons or entities acting on its behalf with said award to be trebled;

(c) Award to Plaintiffs Hako-Med USA, Inc., and Hako-Med GmbH costs, reasonable attorney's fees, and such other and further relief as this Court may deem just and proper.

## COUNT VI: TORTIOUS INTERFERENCE WITH CONTRACT AND BUSINESS RELATIONS

73.    Paragraphs 1-23 are reincorporated herein.

74.    To establish a claim for tortious interference, with an advantageous business relationship the Plaintiff must prove :**(1)** Plaintiff has a business relationship, not necessarily evidenced by an enforceable contract; **(2)** Defendant has knowledge of the relationship; **(3)** Defendant intentionally and unjustifiably interfered with the relationship; and**(4)** Plaintiff suffered damages.  See, Collie Border Rescue. Inc. v. Ryan, No. 304CV568J32HTS, 2006 WL 485117, at *7 (M.D. Fla. 2006)

75.    Plaintiffs maintain contracts and advantageous business relations with their customers.  Defendant Axiom has wrongfully interfered with these contracts and business relationships.

76.    Through its wrongful acts of interference, Defendant has proximately

caused substantial injury to Plaintiffs.

77.     Defendant Axiom is not entitled to any revenues that they have realized from customers coming from the unlawful acts that Defendant has committed. Defendant must disclose and return to Plaintiffs all such payments. Plaintiffs are likewise entitled to all other damages available by law as well as to all equitable relief.

78.     The Defendant's interference with Plaintiffs' contracts and business relationships was willful, wanton, malicious and in reckless disregard of Plaintiffs' rights, as well as in disregard of the harm that it was causing and were foreseeably likely to cause the Plaintiffs, (see exhibits 1-9) so that punitive damages should be imposed on Defendant.

WHEREFORE,  Plaintiffs Hako-Med USA, Inc., Hako-Med GmbH, Dr. Achim Hansjurgens, and E-MOS CIVIL UNLIMITED CORPORATION FED REP GERMANY request that this Court:

(a) Issue preliminary and permanent injunctions against further tortious interference with contract and business relations by Defendant Axiom Worldwide, Inc. and its officers, agents, employee, successors and assigns, and all persons or entities acting on its behalf; including prohibiting the Defendant from continuing to sell, market or manufacture the EPS8000/NVP8500;

(b) Determine and assess against Defendant Axiom Worldwide, Inc. and award Plaintiffs Hako-Med USA, Inc., Hako-Med GmbH, Dr. Achim

Hansjurgens, and E-MOS CIVIL UNLIMITED CORPORATION FED REP GERMANY damages that the Plaintiffs have suffered as a result of the violation of the tortuous interference with contract and business relations by Defendant Axiom Worldwide, Inc. and its officers, agents, employee, successors and assigns, and all persons or entities acting on its behalf with said award to be trebled;

(c) Award to Plaintiffs Hako-Med USA, Inc., Hako-Med GmbH, Dr. Achim Hansjurgens, and E-MOS CIVIL UNLIMITED FED REP GERMANY costs, reasonable attorney's fees, and such other and further relief as this Court may deem just and proper.

## COUNT VII: CIVIL CONSPIRACY TO TORTIOUSLY INTERFERE WITH CONTRACT & BUSINESS RELATIONS AGAINST DEFENDANTS JAMES GIBSON, JR. ANDNICHOLAS EXARHOS

79.     Paragraphs 1-23 are reincorporated herein.

80.     Defendants Gibson and Exarhos, acting in concert with each other and other persons and/or entities, agreed to take collective actions to interfere with Plaintiffs' rights under the contracts and/or advantageous business relationships that Plaintiffs maintain with their customers. See, Exhibits 3 and 4. To establish a claim for civil conspiracy, the following elements must be established: 1) A conspiracy between two or more parties; (2) To do an unlawful act or to do a lawful act by unlawful means; (3) The execution of some overt act in pursuance of the conspiracy; and (4) Plaintiff suffers damage as a result of the acts performed through the conspiracy. See, Pezold Air

Charters v. Phoenix Corp., 192 F.R.D. 721, 726 (M.D. Fla. 2000).  The underlying

wrongful act ordinarily must constitute an independent cause of action against at least

one of the conspirators (*see* Kee v. National Reserve Life Ins. Co. 918 F. 2d 1538, 1541

(11th Cir. 1990) unless the plaintiff can show the conspirators possessed, by virtue of

their association, some peculiar power of coercion that an individual would not otherwise

possess.

　　　　81.　　In furtherance of their conspiracy and scheme, Defendants, acting in

concert with each other and other persons and/or entities, took overt and wrongful acts to

interfere with, and did in fact interfere with, Plaintiffs' rights under the contracts and/or

advantageous business relationships that Plaintiffs maintain with their customers, both

current and prospective, including those wrongful acts described above.  See, Exhibits 3

and 4.

　　　　82.　　Defendants' conspiratorial acts were designed to injure Plaintiffs'

business and allow them to compete against Plaintiffs unfairly.  See, Exhibits 3 and 4.

　　　　83.　　Through their conspiratorial acts, Defendants have proximately caused

substantial injury to Plaintiffs.  See Exhibits 3 and 4.

　　　　84.　　Defendants' conspiracy to interfere with Plaintiffs rights under their

contracts and/or advantageous business relationships was carried out in willful, wanton,

malicious and reckless disregard of Plaintiffs' rights, so that punitive damages should be

imposed on Defendants.  See Exhibits 3 and 4.

　　　　WHEREFORE, Plaintiffs Hako-Med USA, Inc., Hako-Med GmbH, Dr. Achim

Hansjurgens, and E-MOS CIVIL UNLIMITED CORPORATION FED REP GERMANY request that this Court:

    (a) Issue preliminary and permanent injunctions against further conspiracy actions by Defendants James Gibson Jr. and Nicholas Exarhos and their officers, agents, employee, successors and assigns, and all persons or entities acting on their behalf; including prohibiting the Defendant from continuing to sell, market or manufacture the EPS8000/NVP8500;

    (b) Determine and assess against Defendants James Gibson Jr. and Nicholas Exharos and award Plaintiffs Hako-Med USA, Inc., Hako-Med GmbH, Dr. Achim Hansjurgens, and E-MOS CIVIL UNLIMITED CORPORATION FED REP GERMANY damages that the Plaintiffs have suffered as a result of the conspiracy actions by Defendants James Gibson Jr. and Nicholas Exharos and their officers, agents, employee, successors and assigns, and all persons or entities acting on their behalf;

    (c) Award to Plaintiffs Hako-Med USA, Inc., Hako-Med GmbH, Dr. Achim Hansjurgens, and E-MOS CIVIL UNLIMITED CORPORATION FED REP GERMANY costs, reasonable attorney's fees, and such other and further relief as this Court may deem just and proper.

## COUNT VIII MALICIOUS INJURY TO PLAINTIFFS' BUSINESS
## AGAINST JAMES GIBSON JR. & NICHOLAS EXARHOS

85.     Paragraphs 1-23 are reincorporated herein.

86.     Defendants' knowing and intentional false statements and representations of material fact regarding Plaintiffs' business, and Defendants' wrongful conduct described herein were made and undertaken with the knowledge of Plaintiffs' rights and with the malicious intent to destroy Plaintiffs' business and to drive Plaintiffs out of business. See, Exhibits 3 and 4.

87.     Defendants acted with malice and without privilege. See Exhibit 3. Defendants' communications to Plaintiffs' clients and prospective clients, as described previously were known to be false when they were made or were made with reckless disregard for their truth, were intended by Defendants to be relied upon, were made without justification, and were in fact relied upon to the detriment of Plaintiffs. See Exhibits 3 and 4.

88.     As a direct and proximate result of Defendants' conduct, Plaintiffs are entitled to and suffered damages, including but not limited to loss of goodwill, loss of revenue from prospective customers, and costs associated with this litigation. See Exhibits 3 and 4.

89.     Defendants Gibson and Exharos acted as agents for Defendant Axiom in furtherance of Defendant Axiom's business and with specific authorization from Defendant Axiom, and Defendant Axiom is vicariously liable for those actions.

90.     Defendants' conduct was motivated by actual ill will , was willful, wanton,

malicious and in reckless disregard of Plaintiffs' rights, as well as of the harm they caused and were foreseeably likely to cause Plaintiffs and, therefore, punitive damages should be imposed to deter such conduct in the future. See Exhibits 3 and 4.

WHEREFORE, Plaintiffs Hako-Med USA, Inc., Hako-Med GmbH, Dr. Achim Hansjurgens, and E-MOS CIVIL UNLIMITED CORPORATION FED REP GERMANY request that this Court:

(a) Issue preliminary and permanent injunctions against Defendant Axiom Worldwide, Inc. and its officers, agents, employee, successors and assigns, and all persons or entities acting on its behalf including prohibiting the sale, marketing or manufacture of the Defendants EPS8000/NVP8500;

(b) Determine and assess against Defendants Gibson and Exharos and award Plaintiffs Hako-Med USA, Inc., Hako-Med GmbH, Dr. Achim Hansjurgens, and E-MOS CIVIL UNLIMITED CORPORATION FED REP GERMANY damages that the Plaintiffs have suffered as a result of the malicious injury to Plaintiffs' business by the Defendants and their officers, agents, employee, successors and assigns, and all persons or entities acting on their behalf;

(c) Award to Plaintiffs Hako-Med USA, Inc., Hako-Med GmbH, Dr. Achim Hansjurgens, and E-MOS CIVIL UNLIMITED CORPORATION FED REP GERMANY costs, reasonable attorney's

fees, and such other and further relief as this Court may deem just and proper.

## COUNT IX CIVIL CONSPIRACY TO MALICIOUSLY INJURE PLAINTIFFS' BUSINESS AGAINST JAMES GIBSON JR. and NICHOLAS EXHAROS

91.     Paragraphs 1-23 are reincorporated herein.

92.     Defendants, acting in concert with each other and other persons and/or entities agreed to take collective actions, with malicious intent, to destroy Plaintiffs' business and to drive Plaintiffs out of business.  See Exhibits 3 and 4.  To establish a claim for civil conspiracy, the following elements must be established: **1)** A conspiracy between two or more parties; **(2)** To do an unlawful act or to do a lawful act by unlawful means; **(3)** The execution of some overt act in pursuance of the conspiracy; and **(4)** Plaintiff suffers damage as a result of the acts performed through the conspiracy.  See, Pezold Air Charters v. Phoenix Corp., 192 F.R.D. 721, 726 (M.D. Fla. 2000).  The underlying wrongful act ordinarily must constitute an independent cause of action against at least one of the conspirators (See Kee v. National Reserve Life Ins. Co. 918 F. 2d 1538, 1541 (11th Cir. 1990) unless the plaintiff can show the conspirators possessed, by virtue of their association, some peculiar power of coercion that an individual would not otherwise possess.

93     In furtherance of their conspiracy and scheme, Defendants, acting in concert

with each other and other persons and/or entities, took overt and wrongful acts to injure

Plaintiffs' business, including those wrongful acts described herein.  See Exhibits 3 and

4.

94     Defendants' conspiratorial acts were designed to injure Plaintiffs business and

allow them to compete against Plaintiffs unfairly.  See Exhibits 3 and 4.

95     Through their conspiratorial acts, Defendants have proximately caused

substantial injury to Plaintiffs.  See Exhibits 3 and 4.

96.    Defendants' conspiracy to destroy Plaintiffs' business was carried out in

willful, wanton, malicious and reckless disregard of Plaintiffs' rights, so that punitive

damages should be imposed on Defendants.  See Exhibits 3 and 4.

WHEREFORE, Plaintiffs Hako-Med USA, Inc., Hako-Med GmbH, Dr. Achim

Hansjurgens, and E-MOS CIVIL UNLIMITED CORPORATION FED REP GERMANY

request that  this Court:

> (a) Issue preliminary and permanent injunctions against Defendant Axiom
> Worldwide, Inc. and its officers, agents, employee, successors and
> assigns, and all persons or entities acting on its behalf prohibiting the
> continued sale, marketing or manufacturing of the Defendants
> EPS8000/NVP8500;

> (b) Determine and assess against Defendants Gibson and Exharos and
> award Plaintiffs Hako-Med USA, Inc., Hako-Med GmbH, Dr. Achim
> Hansjurgens, and E-MOS CIVIL UNLIMITED CORPORATION

FED REP GERMANY damages that the Plaintiffs have suffered as a result of the malicious injury to Plaintiffs' business by the Defendants and their officers, agents, employee, successors and assigns, and all persons or entities acting on its behalf;

(c) Award to Plaintiffs Hako-Med USA, Inc., Hako-Med GmbH, Dr. Achim Hansjurgens, and E-MOS CIVIL UNLIMITED CORPORATION FED REP GERMANY costs, reasonable attorney's fees, and such other and further relief as this Court may deem just and proper.

DATED this 20th day of October 2006.

**RAPPEL HEALTH LAW GROUP, P.L.**

BY:    S/ Jennifer D. Peshke_____
CRAIG M. RAPPEL, TRIAL COUNSEL
Florida Bar No: 0752428
ROBERT RAPPEL, D.O., J.D.
Florida Bar No: 015156
JENNIFER D. PESHKE, M.P.H., ESQ.
Florida Bar No: 0014609
Attorneys for Plaintiffs
Bridgewater
1515 Indian River Boulevard
Suite A210
Vero Beach, Florida  32963-1216
Telephone: 772.778.8885
Fax:     772.778.8883
cmr@rappelhealthlaw.com
drr@rappelhealthlaw.com
jdp@rappelhealthlaw.com

## DEMAND FOR JURY TRIAL

The Plaintiffs, HAKO-MED USA, INC., HAKO-MED GmbH, Dr. Achim Hansjurgens, and E-MOS CIVIL UNLIMITED CORPORATION FED REP GERMANY hereby demand a jury trial on all Counts raised in this Complaint pursuant to Rule 38 of the Federal Rules of Civil Procedure.

DATED this 20th day of October, 2006.

RAPPEL HEALTH LAW GROUP, P.L.

BY:___S/ Jennifer D. Peshke_____
CRAIG M. RAPPEL, ESQUIRE,
Florida Bar No. 0752428
ROBERT RAPPEL, D.O., ESQ.
Florida Bar No. 015156
JENNIFER D. PESHKE, M.P.H., ESQ.
Florida Bar No. 0014609
 Bridgewater
1515 Indian River Boulevard
Suite A210
Vero Beach, Florida 32960-7103
Telephone: 772.778.8885
Facsimile: 772.778.8883
Attorneys for Plaintiffs
cmr@rappelhealthlaw.com
drr@rappelhealthlaw.com
jdp@rappelhealthlaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 20 October 2006, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.  I further certify that this 20th of October, 2006 the foregoing was sent by:

( X )  regular mail and facsimile to the following:

L. Joseph Shaheen Jr., Esq.
401 E. Jackson St. Ste. 1700
Tampa, Florida 33602-5803
Fax: 813-223-2837
Joseph.shaheen@ackerman.com

**RAPPEL HEALTH LAW GROUP, P.L.**

BY:     S/ Jennifer D. Peshke
CRAIG M. RAPPEL, ESQUIRE
Florida Bar No. 0752428
ROBERT RAPPEL, D.O., ESQ.
Florida Bar No. 015156
JENNIFER D. PESHKE, M.P.H.,ESQ.
Florida Bar No. 0014609
Bridgewater
1515 Indian River Boulevard
Suite A210
Vero Beach, Florida 32960-7103
Telephone: 772.778.8885
Facsimile: 772.778.8883

Attorneys for Plaintiffs
cmr@rappelhealthlaw.com
drr@rappelhealthlaw.com
jdp@rappelhealthlaw.com



## VERIFICATION

I HEREBY SWEAR OR AFFIRM that the above stated facts are true and correct.

ACHIM HANSJURGENS, Pres. HAKO-MED
Herstellung + Vertrieb von medizinisch-
technischen Geräten G.m.b.H., Pres. E-MOS CIVIL
UNLIMITED CORPORATION FED REP
GERMANY

STATE OF                             )

Before me appeared, ACHIM HANSJURGENS., who is personally known_____
to me or who produced _____ for identification and who did take an oath, and says
that the statements contained in the foregoing Complaint are true and correct.

Sworn to and subscribed before me this ___ day of October, 2006.

_____
Notary Public--
My Commission expires:

**Unterschriftsbeglaubigung**                                    <u>2 UR 3794 / 2006</u>

Vorstehende Unterschrift, die ich hiermit als echt öffentlich beglaubige, hat heute vor mir eigenhändig vollzogen

Herr Dr. Bernd Achim Hansjürgens, geb. am 04.03.1940, Rebbergweg 1, 76229 Karlsruhe
- ausgewiesen durch Personalausweis -

76133 Karlsruhe, den 20.10.2006
Notariat 2 Karlsruhe

Justizrat

Dr. Stiegeler
Notar



<u>Aufstellung der Kostenberechnung gem. § 154 Abs. 3 Kostenordnung für Notare (KostO)</u>

| §§ KostO | Gegenstand | Geschäftswert | Anzahl | Betrag |
|---|---|---|---|---|
| §§ 45 I, 141 KostO | Unterschriftsbeglaubigung | 3.000,00 € | 0 | 10,00 € |
| | Umsatzsteuer 16,00% aus | 10,00 € | | 1,60 € |
| **Summe:** | | | | **11,60 €** |

U427906A



## VERIFICATION

I HEREBY SWEAR OR AFFIRM that the above stated facts are true and correct.

_____
KAI HANSJURGENS, Pres. Hako-Med USA, Inc.

**STATE OF HAWAII** )
**COUNTY OF** )

Before me appeared, KAI HANSJURGENS., who is personally known to me_____ or who produced _____ for identification and who did take an oath, and says that the statements contained in the foregoing Complaint are true and correct.

Sworn to and subscribed before me this _19_ day of October, 2006.

_____
Notary Public--State of Hawaii at large
My Commission expires: January 28, 2009