UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HAKO-MED USA, INC., et al.,

      Plaintiffs,

vs.                                         Case No. 8:06-CV-1790-T-27EAJ

AXIOM WORLDWIDE, INC., et al.,

      Defendants.
_____/

## ORDER

**BEFORE THE COURT** is the Report and Recommendation submitted by the Magistrate Judge recommending that Defendants' Motion for Preliminary Injunction (Dkt.2) be granted in part and denied in part (Dkt. 50). Defendants have filed objections to the Report and Recommendation (Dkt. 55), to which Plaintiffs have responded (Dkt. 58).

### *Standard of Review*

The District Court is required to "make a *de novo* determination of those portions of the magistrate's report or . . . recommendation to which objection is made." 28 U.S.C. § 636(b)(1). The District Court may "accept, reject or modify in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(C).

### *Discussion*

Defendants have filed four objections to the Report and Recommendation, which the Court addresses in turn. Because the first two objections are related, they are evaluated together.

1.      *The Report and Recommendation incorrectly found that Defendants' pending Petition to Cancel Plaintiffs' U.S.Resgistration No. 2,390,719 (the '719 Registration) had no bearing*

*on its analysis of the trademark infringement claim.*

2.  *Plaintiffs did not present any evidence at the hearing to rebut Defendants' defense that the '719 registration is invalid because it is misdescriptive.*

In order to prevail on a claim of trademark infringement, plaintiff must show that it has a valid trademark. *Leigh v. Warner Bros., Inc.* 212 F.3d 1210, 1216 (11th Cir. 2000). A rebuttable statutory presumption of validity is accorded to marks registered under the Lanham Act, 15 U.S.C. ss 1057(b), 1115(a), but this presumption may be overcome by establishing the generic or descriptive nature of the mark." *Vision Center v. Opticks, Inc.*, 596 F.2d 111, 119-20 (5th Cir. 1979)[1] (holding plaintiff could not demonstrate a substantial likelihood of success on the merits where name was descriptive and therefore invalid); *Hiram Walker & Sons v. Penn-Md. Corp.*, 79 F.2d 836, 839 (2nd Cir. 1935) (same). Accordingly, Defendants allege as an affirmative defense and as a counterclaim that Plaintiffs' trademark "VASOPULSE" is invalid because it is "descriptive and/or deceptively misdescriptive and has not acquired secondary meaning." (Dkt. 48 at 35, 39). Defendants have also filed a petition to cancel this mark that is pending before the Trademark Trial and Appeal Board (TTAB), which was introduced as evidence during the preliminary injunction hearing. (Dkt. 52 at 13).

The Magistrate Judge acknowledged that Plaintiff had filed a petition for cancellation on these grounds, but found that "the pending petition to cancel the registration has no bearing on the court's analysis of the trademark infringement claim." (Dkt. 50 at 11, n.7).[2] The Magistrate Judge

---

[1] The Eleventh Circuit adopted as binding precedent, all decisions the former Fifth Circuit made prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981).

[2] On a motion for preliminary injunction, the Plaintiff must show a substantial likelihood of success on the merits of his claim as well as any affirmative defenses. *See e.g., N. Am. Prods, Corp. v. Moore*, 196 F. Supp. 2d 1217, 1227 (M.D.Fla. 2002); *DSC Comms. Corp. v. DGI Techs., Inc.*, 81 F.3d 597, 601-02 (5th Cir. 1996).

2

did, however, determine that the mark was more suggestive than descriptive, and thus entitled to a greater amount of protection. (Dkt. 50 at 12-13). The Court agrees that the mark "VASOPULSE" is suggestive rather than descriptive because it does not describe what the machine actually does,[3] nor is there evidence that the term "vasopulse" is used by third parties or that another seller would naturally use the term "vasopulse" in marketing and selling an electrotherapy machine.

Moreover, the Court does not accept Defendant's contention that the mark is "deceptively misdescriptive." To the extent that this is a viable affirmative defense to a trademark infringement claim, Defendants have not shown it is applicable.[4] In order to assess whether a term is deceptively misdescriptive, the Court considers whether: (1) the term is misdescriptive of the character, quality, function, composition or use of the goods; (2) whether prospective purchasers are likely to believe that the misdescription actually describes the goods; and (3) whether the misdescription is likely to affect the decision to purchase. *In re Budge Mfg. Co., Inc.*, 857 F.2d 773, 775 (Fed. Cir. 1988).

Defendants have not introduced evidence showing that a prospective purchaser, such as a medical doctor or other health care professional, is likely to believe that the term VASOPULSE actually describes the function of Plaintiffs' machine or that the name VASOPULSE would affect their decision to purchase Plaintiffs' machine. Absent any evidence that the misdescription deceived the public, the mark is evaluated merely as descriptive. *See e.g., Schmidt v. Honeysweet Hams, Inc.*, 656 F. Supp. 92, 95 n. 1 (N.D. Ga. 1986). As set forth above, this argument fails.

---

[3] For instance, as Defendants point out in their opposition brief and objections, "VASOPULSE" does not describe a characteristic or quality of Plaintiff's product because Plaintiff's machine does not treat blood vessels.

[4] Defendant has cited no authority, nor has the Court located any, in which deceptive misdescription has been used as a defense in a trademark infringement action. It is more commonly used in opposition to a petition for trademark registration. As the Magistrate Judge suggested during the hearing, it is unusual that a party would infringe on a mark that it believes is deceptively misdescriptive. (Dkt. 56 at 173-74).

3.  *The Report and Recommendation erroneously found that a plaintiff may establish a likelihood of confusion on their trade dress infringement claim by demonstrating a likelihood of confusion on their trademark infringement claim.*[5]

The Eleventh Circuit has held that a likelihood of confusion on a trademark infringement claim establishes a likelihood of confusion with respect to the trade dress infringement claim because essentially the same seven factors are considered in both analyses. *John H. Harland Co. v. Clarke Checks, Inc.*, 711 F.2d 966, 981 (11th Cir. 1983); *Gen. Motors Corp. v. Phat Cat Carts, Inc.*, No. 06-cv-900, 2006 WL 2982869, *5 (M.D.Fla. Oct. 18, 2006). However, Defendants contend that the first factor in each of the respective inquiries -- strength of the trade dress and strength of the mark -- must be evaluated separately when the trade dress does not involve the use of the mark. Specifically, Defendants argue that unlike their website, the EPS8000/NVP8500 does not use the trademark VASOPULSE.

The Court finds that a determination on this issue is unnecessary, given the Magistrate's finding on the threshold issue that Plaintiffs' trade dress was not inherently distinctive. *AmBrit, Inc. v. Kraft, Inc.*, 812 F.2d 1531, 1535-36 (11th Cir. 1986) (noting inherent distinctiveness is determined at the outset); *Callaway Golf Co. v. Golf Clean, Inc.*, 915 F. Supp. 1206, 1212 (M.D.Fla. 1995) (addressing this issue first). The Court agrees that Plaintiffs have not sufficiently shown that the overall appearance of their machine is inherently distinctive. (Dkt. 50 at 22-23). Because the Magistrate correctly determined that Plaintiffs' product was not inherently distinctive and had not acquired a secondary meaning, the remaining two elements of a trade dress claim -- likelihood of confusion and whether the trade dress in non-functional -- need not be assessed. *See e.g., AmBrit,*

---

[5] The Report and Recommendation denied Plaintiffs' motion for preliminary injunction as to the trade dress infringement claim. Plaintiffs have not objected to this determination.

4

*Inc.*, 812 F.2d at 1535, 1539 n.36 (stating that a plaintiff must prove all three elements of a trade dress claim and noting that the inherent distinctiveness analysis is concerned with determining whether a threshold level of distinctiveness has been reached, whereas the strength of the mark analysis is more thorough).

4. *The Report and Recommendation incorrectly states that Dr. Hansjurgens "testified at length concerning the accused's device's alleged infringement," to the extent this finding could be construed to mean that Plaintiffs met the second part of the two-part test for patent infringement.*[6]

The Report and Recommendation correctly observed that the two-step analysis for patent infringement claims is: (1) construction of the claims to determine the scope and meaning of the asserted claims; and (2) comparison of the properly construed claims with the allegedly infringing device. *P.N.A. Const. Techs., Inc. v. McTech Group, Inc.*, 414 F. Supp. 2d 1228, 1235 (N.D.Ga. 2006). The Magistrate Judge also correctly found that Plaintiffs had failed to present a proposed claims construction and, as a result, the analysis could not proceed further. Therefore, the Report and Recommendation did not find or otherwise imply that Dr. Hansjurgens' testimony was sufficient to establish the second portion of the inquiry.

### *Conclusion*

After careful consideration of Report and Recommendation in conjunction with an independent examination of the file, the Court is of the opinion that the Report and Recommendation should be adopted, except to the extent modified herein. Accordingly, it is

**ORDERED AND ADJUDGED** that

1) The Report and Recommendation (Dkt. 50) is adopted, except to the extent modified

---

[6] The Report and Recommendation denied Plaintiffs' motion for preliminary injunction as to the patent infringement claim. Plaintiffs have not objected to this determination.

herein, and is made a part of this order for all purposes, including appellate review.

    2)     Plaintiffs' Motion for Preliminary Injunction (Dkt. 2) is **GRANTED IN PART** as set forth in the the Report and Recommendation (Dkt. 50 at 25).

    3)     Plaintiffs are directed to post bond in the amount of $25,000.

**DONE AND ORDERED** in chambers on this 19th day of December, 2006.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Counsel of Record