UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HAKO-MED USA, INC., et al.,

Plaintiffs,

vs.  Case No. 8:06-CV-1790-T-27EAJ

AXIOM WORLDWIDE, INC., et al.,

Defendants.
_____/

## ORDER

**BEFORE THE COURT** is the Report and Recommendation submitted by the Magistrate Judge recommending that Defendants' Motion for Summary Judgment of Non-Infringement and Invalidity of the Patent in Suit (Dkt. 71) be denied in part and deferred in part pending a *Markman* hearing (Dkt. 82). Defendant has filed Objections to the Report and Recommendation (Dkt. 83), and Plaintiff has filed a response (Dkt. 84).

As an initial matter, Plaintiff's response to Defendants' Objections is without merit. In the response, Plaintiff claims that Defendants' Objections are untimely and that the portions of the Report and Recommendation to which Defendant objects need only be reviewed for clear error. Plaintiff is incorrect. Pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, intermediate Saturdays, Sundays, and legal holidays are excluded from computing time when the period of time is less than eleven days, as it is here. *See* Fed. R. Civ. P. 6(a)(2). In addition, Rule 6(d) provides three additional days when service is made by electronic means, as it is here. *See* Fed. R. Civ. P. 6(d) (three days are added when service is made under Rule 5(b)(2)(E)). Accordingly, because the

1

Report and Recommendation was served June 27, 2008 (Dkt. 82 at 13), Defendants' Objections were due on or before July 17, 2008. Defendants' Objections, which were electronically filed on July 14, 2008, were therefore timely. *See Vanderberg v. Donaldson*, 259 F.3d 1321, 1325 (11th Cir. 2001) (calculating time to submit objections pursuant to Rule 6(a) and former Rule 6(e)).

### *Standard*

The Court is required to "make a *de novo* determination of those portions of the magistrate's report or . . . recommendation to which objection is made." 28 U.S.C. § 636(b)(1). The District Court may "accept, reject or modify in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(C).

### *Discussion*

In the motion for summary judgment, Defendants advance two main arguments: (1) there is no evidence that its allegedly infringing device, the EPS8000, meets the second, third, or fourth limitations of claim 1 of Plaintiffs' '552 patent; and (2) the fourth limitation of claim 1 is invalid for non-enablement and indefiniteness. In the thorough, well-reasoned Report and Recommendation, the Magistrate Judge found that: (1) there is sufficient evidence to create an issue of fact as to whether the EPS8000 infringed on the fourth limitation of claim 1; (2) a *Markman* hearing is required on the second and third limitations of claim 1 before infringement may be determined; and (3) issues of material fact preclude summary judgment on Defendants' affirmative defenses of non-enablement and indefiniteness. Defendants object only to the first finding of the Report and Recommendation.

With respect to the fourth limitation of claim 1, the Magistrate Judge determined that there was sufficiently detailed record evidence to create a genuine issue of material fact as to whether the

EPS8000 "generate[s] in synchronism with the modulation frequency action potentials in the treatment area." (Dkt. 82 at 7). The Magistrate relied on the Declaration of Plaintiff's expert, Stephen C. Thomas, Esq., and the Declaration of Plaintiff Achim Hansjurgens. This Court agrees with the Magistrate Judge that Plaintiffs' evidence is sufficiently specific to create a genuine issue of material fact. *See Arthur A. Collins, Inc. v. N. Telecom Ltd.*, 216 F.3d 1042, 1046 (Fed. Cir. 2000).

The Declaration of Plaintiff's expert includes three pertinent facts: (1) "the generation of action potentials occurs when the described current waveform is applied"(Thomas Dec. ¶ 39); (2) "action potential generation will follow the applied waveform -- in other words, action potential generation will occur in synchronism with the applied current;" (*Id.*) and (3) the EPS8000 is capable of producing the necessary frequency modulation between 4,000 - 10,000 Hz and beat frequency of 0.1 - 200 pps. (*Id.* at 15). Similarly, Hansjurgens declares: (1) "action potential is triggered by a brief electrical stimulation to one end of the axon . . . it does not matter how big the stimulus is, as long as it exceeds a certain threshold" (Hansjurgens Dec. ¶ 11a.); (2) the threshold can be crossed in either vertical or horizontal fashion (*Id.* at ¶ 11c.); (3) if the frequency of the modulated amplitude (for vertical) or modulated frequency (for horizontal) "is in the low-frequency range (> 0 to 200 Hz) action potentials are generated synchronously (in synchronism)" to the relevant frequency (*Id.*); and (4) the EPS8000 is capable of producing frequency between 4,000 - 10,000 Hz and a beat frequency of 0.1 - 200 Hz (Id. at ¶ 9 a.,c.).

Based on the foregoing, there is ample evidence that the EPS8000 is capable of producing the necessary frequencies to generate action potentials in synchronism with the applied frequencies or current. This specific record evidence is sufficient to create a genuine issue of material fact as to

whether the EPS8000 "generate[s] in synchronism with the modulation frequency action potentials in the treatment area" and therefore infringes the fourth limitation of claim 1.

The Court has also engaged in an independent examination of the portions of the Report and Recommendation to which there was no objection, and is of the opinion that the Report and Recommendation should be adopted, confirmed, and approved in all respects. Accordingly, it is **ORDERED AND ADJUDGED**:

1) The Report and Recommendation (Dkt. 82) is adopted, confirmed, and approved in all respects and is made a part of this order for all purposes, including appellate review.

2) Defendants' Motion for Summary Judgment of Non-Infringement and Invalidity of the Patent in Suit (Dkt. 71) is **DENIED IN PART** as set forth in the Report and Recommendation and ruling is **DEFERRED** as set forth in the Report and Recommendation.

3) This matter is **REFERRED** to the Magistrate Judge for a *Markman* hearing and Report and Recommendation on the portions of the Motion for Summary Judgment on which ruling is deferred. Nothing herein shall be interpreted to constrain the Magistrate Judge in construing the relevant terms of the '552 patent.

4) Within **eleven (11) days** of the date of this Order, the parties shall file a joint briefing schedule with proposed dates and deadlines for a *Markman* hearing and supporting papers.

**DONE AND ORDERED** in Tampa, Florida, on this 28th day of July, 2008.

**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to:
Counsel of Record