UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HAKO-MED USA, *et al.*,

      Plaintiff,

v.                                    Case No.:  8:06-cv-1790-T-33EAJ

AXIOM WORLDWIDE, INC., *et al.*,

      Defendant.
_____/

**ORDER**

Before the Court are the parties' Joint Motion for Order Granting Parties Permission to Use & Operate Electronic Medical Devices as Demonstrative Evidence at Trial (Doc. 141) and Joint Motion for Security Order Granting Parties' Counsel Permission to Use & Operate Electronic Devices at Trial (Doc. 142)(collectively, the "Motions").  The Court finds that the Motions (Docs. 141 and 142) should be granted in accordance with the restrictions and limited to the people listed below.

The parties seek permission to bring the following demonstrative electronic devices into the Unites States Courthouse, for security inspection by the United States Marshals Service, storage in the Courtroom designated for trial and use and operation by the parties during the trial:

- One ProElecDT2000 (Plaintiffs);

- One EPS8000/NVP8500 device (Plaintiffs);

- One  EPS8000/NVP8500 device (Defendants);

- One additional EPS8000/NVP8500 device to be presented by Defendants should the Court deny Defendants' Motion *in Limine* to Exclude Plaintiffs from Introducing Evidence Concerning Axiom's Revised EPS8000 Devices (Doc. 133);

- One oscilloscope (Plaintiffs);

- Two oscilloscopes (Defendants);

- One laptop (Defendants);

- One load register (Plaintiffs);

- One load register (Defendants).

The Court finds that, unless directed otherwise by a later Order, the parties shall be allowed to bring the electronic devices listed above into the United States Courthouse for use during the trial scheduled in this case.

The parties also ask that their respective counsel be allowed to bring any laptop computer, personal digital assistant (PDA) and/or cellular phone for use during the trial scheduled in this case.  Those counsel are:

(1)  Craig M. Rappel

(2)  Patrick J. Arnold, Jr.

(3)  David Z. Petty

(4)  L. Joseph Shaheen, Jr.

(5)  Mitch Robiner

The Court finds that the parties' counsel listed above shall be limited to <u>one</u> laptop computer, personal digital assistant (PDA) and/or cellular phone each for use during the trial. It should be noted that taking pictures inside the Courthouse with camera telephones is forbidden. Also, counsel shall place any cellular phone on vibrate, and restrain the use of the cellular phone to the exterior of the Courthouse. Further, any cellular phone, computer, and all other technological equipment are subject to inspection at any time by the Court Security Officers and United States Marshals. Counsel may be called upon to present a copy of this Order to Court Security Officers at any time prior to being permitted to bring technological equipment, including laptop computers, cellular phones and PDAs, into the Courthouse.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Joint Motion for Order Granting Parties Permission to Use & Operate Electronic Medical Devices as Demonstrative Evidence at Trial (Doc. 141) is **GRANTED**, subject to the restrictions set forth above.

(2) Joint Motion for Security Order Granting Parties' Counsel Permission to Use & Operate Electronic Devices at Trial

(Doc. 142) is **GRANTED**, subject to the restrictions set forth above.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>27th</u> day of May, 2009.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to:

All counsel of record

United States Marshals Service