UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HAKO-MED USA, Inc., *et al.*,

    Plaintiffs,

vs.                                                      Case No.: 8:06-cv-1790-T-33AEP

AXIOM WORLDWIDE, Inc., *et al.,*

    Defendants.
_____/

**ORDER**

Defendants' Motion *in Limine* to Exclude Evidence Related to Marking (the "Motion," Doc. 155), filed August 25, 2009, and Plaintiffs' Response in Opposition (the "Response," Doc. 156), filed August 26, 2009, are pending before the Court. For the reasons that follow, the Motion will be **DENIED**.

**I.    The Parties' Arguments**

After acknowledging that the Motion was filed out of time and on the eve of trial, Defendants ask the Court to bar Plaintiffs from introducing any evidence at trial related to Plaintiffs' alleged marking of its products with a patent number under 35 U.S.C. § 287 (2000). Defendants claim that the relief requested in the Motion is necessary because they recently learned that Plaintiffs intend to raise the "marking issue" at trial. Defendants further claim that Plaintiffs bear the burden of proof on this issue, and that they have failed to meet their burden. Finally, Defendants claim that they relied on Plaintiffs' "omission of the marking issue in the pretrial statement in . . . preparation for trial." (Doc. 155 at p. 3).

Plaintiffs counter that the Motion is a "sham." Plaintiffs inform the Court that Defendants have been on notice since this case was filed that "marking" is an issue. Plaintiffs ask the Court to

deny the Motion on procedural grounds, including that the Motion was filed out of time and substantive grounds, including that it was incumbent upon Defendants to raise this issue with respect to damages for inclusion in the pretrial statement.

**II.     Analysis**

The trial in this case begins on Monday, August 31, 2009, which means that the deadline for the Court to consider motions *in limine* is well past. This fact alone provides the Court with a sufficient reason to deny the Motion. Further review of the parties' arguments reveals that the Motion's denial is also warranted on substantive grounds.

Patentees must comply with the "marking statute," 35 U.S.C. § 287, in order to recover damages for infringement. The statute reads in pertinent part:

> [p]atentees, and persons making, offering for sale, or selling within the United States any patented article for or under them . . . may give notice to the public that the same is patented by fixing thereon the word "patent" or the abbreviation "pat.," together with the number of the patent, or when, from the character of the article, this can not be done, by fixing to it, or to the package wherein one or more of them is contained, a label containing a like notice. In the event of failure to do so, no damages shall be recovered by the patentee in any action for infringement, except on proof that the infringer was notified of the infringement and continued to infringe thereafter, in which event damages may be recovered only for infringement occurring after such notice. Filing of an action for infringement shall constitute such notice.

35 U.S.C. § 287(a) (2000).

The purpose of the marking statute is threefold in that it gives patentees the incentive to mark their product and, thus, place the world on notice of the existence of a patent, avoids innocent infringement, and aids the public in identifying patented articles. Nike, Inc. v. Wal-Mart Stores, Inc., 138 F.3d 1437, 1446 (Fed. Cir. 1998). Consequently, a patentee is entitled to damages from the time when it either began marking products in compliance with § 287(a), or when it notified the infringer

through actual notice, whichever is earlier. Am. Med. Sys., Inc., v. Med. Eng'g Corp., 6 F.3d 1523, 1537 (Fed. Cir. 1993). Section 287(a) permits either constructive notice, where the patentee marks the article or product with the patent number, or actual notice. Devices for Medicine, Inc. v. Boehl, 822 F.2d 1062 (Fed. Cir. 1987). Actual notice is an affirmative communication by the patentee of a specific charge of infringement against an accused product, device or process. Gart v. Logitech, Inc., 254 F.3d 1334, 1345 (Fed. Cir.2001).

In the Amended Complaint (Doc. 27) filed on October 20, 2006, Plaintiffs clearly reference marking, asserting that the devices at issue in this case were "marked." (Doc. 27 at ¶ 16).[1] Defendants are correct that it is a patentee's burden to prove compliance with the marking statute. However, that argument is somewhat of a proverbial red herring at this stage of the litigation, as well as a bit disingenuous. Had Defendants challenged Plaintiffs' marking claims during the early or mid-stages of the litigation in the form of a motion for partial summary judgement on damages, etc., Plaintiffs would have to prove compliance to survive that challenge. Defendants attempt to cast Plaintiffs' "omission" of the marking issue from the pretrial statement as some failure on Plaintiffs' part to take a necessary action to preserve the issue for trial. It is Defendants who have been on notice of the markings issue since the Amended Complaint was filed and failed to challenge Plaintiffs' claim that the devices were marked. Thus, the Court will not reward the Defendants' failure to challenge the markings issue by granting the Motion. Evidence of damages is conclusively inadmissible only if there was a duty to mark, the marking was inadequate, and the notice given before that time was inadequate. Amsted Industries Inc. v. Buckeye Steel Castings Co., 1992 WL

---

[1] As Plaintiffs note in the Response, the parties addressed the "markings issue" on multiple occasions prior to Defendants filing the Motion - the second mediation conducted on May 18, 2009, in correspondence between counsel for the parties and when drafting joint jury instructions for use at the upcoming trial.

372989, *2 (N.D. Ill. Dec. 9, 1992). As these are now jury issues, the Motion will be denied. Marking may be an issue in the case for trial but it is not proper to raise it here in a motion *in limine*, especially on the eve of trial.

### III. Conclusion

For the reasons articulated above, it is therefore

**ORDERED**, **ADJUDGED** and **DECREED** that:

The Motion (Doc. 155) is **DENIED**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, on this 28th day of August 2009.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to:

Counsel of Record