UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HAKO-MED USA, INC., et al.,

    Plaintiffs,

vs.                                           Case No.: 8:06-cv-1790-T33-EAJ

AXIOM WORLDWIDE, INC., et al.,

    Defendants.
_____/

# AMENDED ORDER[1]

Before the Court are Defendants' Motion for Judgment as a Matter of Law of No Infringement Under the Doctrine of Equivalents (Doc. 178) and Motion for Judgment as a Matter of Law that There is No Evidentiary Basis for the Jury's Finding of a Reasonable Royalty, or in the Alternative to Amend the Jury's Royalty Finding on Remittitur, or in the Alternative for a New Trial (Doc. 179). Also pending is Plaintiffs' Motion for Entry of Injunctive Relief and Final Judgment (Doc. 195). In consideration of the pending motions, the Court reviewed the responses in opposition submitted by Hako-Med (Docs. 184 and 185) and Axiom's replies (Docs. 189 and 190).

For the reasons that follow, Axiom's Motion for Judgment as a Matter of Law

---

[1] This Order amends Doc. 199, and is amended to the extent that paragraph 2 on page 18 of this order (previously issued in Doc. 199) has been deleted.

of No Infringement Under the Doctrine of Equivalents (Doc. 178) is **GRANTED**; Axiom's Motion for Judgment as a Matter of Law that There is No Evidentiary Basis for the Jury's Finding of a Reasonable Royalty, or in the Alternative to Amend the Jury's Royalty Finding on Remittitur, or in the Alternative for a New Trial (Doc. 179) is **DENIED** as **MOOT** in light of the Court's finding in Axiom's favor on the issue of no infringement; and Hako-Med's Motion for Entry of Injunctive Relief and Final Judgment (Doc. 195) is **GRANTED**.

### I.    Factual and Procedural Background

On September 28, 2006, Hako-Med filed a motion for injunctive relief and requested that this Court enjoin Axiom from continuing to market and/or sell Axiom's electrical nerve stimulation medical device entitled EPS8000/NVP8500 (Doc. 2). Simultaneously with the motion for a preliminary injunction, Hako-Med filed a complaint and asserted claims against Axiom that included patent infringement in violation of United States Patent Laws, 35 U.S.C. § 271, *et seq.*, and trademark infringement arising under the Lanham Act, 15 U.S.C. § 1114 (Doc. 6).

Prior to transferring this case to the undersigned, Judge James Whittemore adopted, with slight modifications (Doc. 63), Magistrate Judge Elizabeth Jenkins' Report and Recommendation (Doc. 50), which granted Hako-Med's request for a preliminary injunction on its trademark infringement claim only.

Dr. Achim Hansjurgens, a resident of Germany, is the holder of United States Patent No. 5,573,552 (the "'552 patent") which was issued by the United States Patent Office on November 12, 1996.  The '552 patent is for an electrotherapeutic apparatus that "operates in the medium frequency range between 1000 Hz and 100,000 Hz, with paired, diametrically opposed electrodes applied in relation to a body part to be treated." (Trial Ex. 1).

Physicians use electrotherapy machines such as the one described in the patent to treat patients with various medical infirmities; the primary market for these machines consists of medical doctors and chiropractors. The patent describes the effects of the electrical stimulation device as pain alleviation, stimulation of striated and nonstriated muscles, influencing perfusion, the detumescent mechanisms, the checking of inflammatory processes, and promoting regeneration of, for example, wounds and accelerated healing of bones. (Amended Compl., Ex. 1).

GMBH is a privately owned German company established in 1991 by Dr. Hansjurgens and his former partner, Koch GMBH (Doc. 4; Doc. 27 at p. 3).  In 2002, Kai Hansjurgens established Hako-Med USA, an affiliate of GMBH, that markets and sells the electrotherapeutic apparatus in the United States (Doc. 5; Doc. 27 at p. 3). Hako-Med refers to the device's technology as internationally patented "Horizontal Therapy," which is the core of Hako-Med's product and what makes its product stand

3

out in the niche industry of electromedicine. Plaintiffs market and sell this technology in the form of a machine called the ProElecDT2000/VasoPulse2000.

On October 3, 2000, the United States Patent and Trademark Office provided Hako-Med with a certificate of registration for the mark VASOPULSE®, United States Trademark Registration No. 2,390,719 (the "'719 mark"). Hako-Med USA uses the VASOPULSE® name in marketing its electrotherapy product.

Axiom competes with Hako-Med in the electromedicine care market. Axiom began marketing and selling its EPS8000/NVP8500 product on July 28, 2005. It is undisputed that Axiom's machine directly competes with Hako-Med's machine for the same share of the electrotherapy market.

Pursuant to the parties' renewed joint motion for bifurcation, the Court bifurcated the case - the jury considered Hako-Med's patent infringement claims and the Court considered the trademark infringement claim. After hearing testimony from witnesses and argument from counsel on the trademark infringement claim, the Court found that Axiom had infringed upon Hako-Med's trademark and ordered that the temporary injunction imposed earlier in the case become permanent. Specifically, Hako-Med moved for a permanent injunction as to Axiom's EPS8000 device manufactured before November 2006. Axiom stipulated to this entry of a permanent injunction. (Sept. 3, 2009, Trial Tr. 20:1-21:19).

The following witnesses testified during the jury trial: Kai Hansjurgens, President of Hako-Med; James J. Gibson, President and CEO of Axiom; Scott Johnson, Axiom's Chief of Engineering; Dr. Achim Hansjurgens; Dr. Barry N. Feinberg, Ph.D., P.E., expert witness for Axiom; Roger Bruce Fambro, Medical Device Distributor; and Stephen Thomas, attorney and expert witness for Hako-Med.

At the close of Plaintiffs' case-in-chief, Axiom's counsel moved for judgment as a matter of law on the issue of infringement under the doctrine of equivalents (Sept. 1, 2009, Trial Tr. 166: 13-20 and 167:18-25). The Court reserved ruling on Axiom's request. (Sept. 1, 2009, Trial Tr. 169:3-6). Axiom renewed its motion for judgment as a matter of law concerning the issue of infringement under the doctrine of equivalents as being unsupported by the evidence at the conclusion of the case. (Sept. 2, 2009, Trial Tr. 53:17).

At the conclusion of the trial on the patent infringement claims, the jury returned a verdict of no literal infringement but found that Axiom willfully infringed the '552 patent under the doctrine of equivalents. The jury awarded Hako-Med $450,000.00 as a reasonable royalty for Axiom's sale of its infringing device. At the conclusion of the trial, Axiom timely filed written post-verdict motions for judgment as a matter of law, to which Hako-Med responded (Docs. 184 and 185) and Axiom replied (Docs. 189 and 190).

## II. Brief Summary of the Arguments

Axiom argues that it is entitled to judgment as a matter of law because Hako-Med only presented a theory of literal infringement to the jury. Thus, the jury's finding of infringement under the doctrine of equivalents was wholly unsupported by the evidence.

Hako-Med, on the other hand, contends that Axiom is not entitled to judgment as a matter of law: (1) because Axiom failed to preserve the issue during the trial; and (2) because the jury was able to determine the equivalency of the parties' competing devices after considering the testimony of the witnesses and after observing the demonstrations of the competing devices. The Court will address each argument presented.

## III. Legal Standards

### A. Rule 50 Judgment as a Matter of Law

Pursuant to Rule 50 of the Federal Rules of Civil Procedure, a court may grant a motion for judgment as a matter of law against a party on a claim or issue where the party has been "fully heard on [that] issue during a jury trial" and the court finds that a "reasonable jury would not have a legally sufficient evidentiary basis" to find for that party. Fed.R. Civ. P. 50(a) and (b). Where a party moves for judgment as a matter of law in a case that has been tried to a jury, the court "'must determine whether there

exists evidence of record upon which a jury might properly have returned a verdict in [the non-movant's] favor when the correct legal standard is applied.'" Markman v. Westview Instruments, Inc., 52 F.3d 967, 975 (Fed. Cir. 1995) (quoting Jamesbury Corp. v. Litton Indus. Prods., Inc., 756 F.2d 1556, 1560 (Fed. Cir.1985)); see also Christopher v. Fla., 449 F.3d 1360, 1364 (11th Cir. 2006) (Rule 50 judgment as a matter of law "is appropriate when a plaintiff presents no legally sufficient evidentiary basis for a reasonable jury to find for him on a material element of his cause of action.").

Thus, a court must conduct two inquiries. Markman, 52 F.3d at 975. First, the court must determine the correct law. Id. Next, the Court must review the jury's factual findings to determine whether they are supported by substantial evidence. Id. While the jury's factual findings are given substantial deference, the legal standards the jury applies are considered *de novo* to determine, as a matter of law, whether the correct standards have been used. Id.

### B.     The Doctrine of Equivalents

A device may infringe under the doctrine of equivalents "if every limitation of the asserted claim, or its 'equivalent,' is found in the accused subject matter, where an 'equivalent' differs from the claimed limitation only insubstantially." Ethicon Endo-Surgery, Inc. v. United States Surgical Corp., 149 F.3d 1309, 1315 (Fed. Cir.

7

1998). In determining equivalence, courts often consider "[w]hether a component in the accused subject matter performs substantially the same function as the claimed limitation in substantially the same way to achieve substantially the same result." Id. However, "'[e]quivalence, in the patent law, is not the prisoner of a formula and is not an absolute to be considered in a vacuum.'" Warner-Jenkinson Co. v. Hilton Davis Chem. Co., 520 U.S. 17, 24-25 (1997) (quoting Graver Tank & Mfg. Co. v. Linde Air Prods. Co., 339 U.S. 605, 609 (1950)). In Graver Tank, the Court described the equivalence inquiry as follows:

> What constitutes equivalency must be determined against the context of the patent, the prior art, and the particular circumstances of the case. . . . In determining equivalents, things equal to the same thing may not be equal to each other and, by the same token, things for most purposes different may sometimes be equivalents. Consideration must be given to the purpose for which an ingredient is used in a patent, the qualities it has when combined with the other ingredients, and the function which it is intended to perform. An important factor is whether persons reasonably skilled in the art would have known of the interchangeability of an ingredient not contained in the patent with one that was.

Graver Tank, 339 U.S. at 609.

The doctrine of equivalents may not be applied where it would "erase 'meaningful structural and functional limitations of the claim on which the public is entitled to rely in avoiding infringement.'" Conopco, Inc. v. May Dep't Stores Co., 46 F.3d 1556, 1562 (Fed. Cir.1994) (quoting Pennwalt Corp. v. Durand-Wayland,

Inc., 833 F.2d 931, 935 (Fed. Cir.1987)). Failure to meet a claim limitation, by itself, is not necessarily enough to erase or vitiate that claim element. Ethicon, 149 F.3d at 1317. As the Ethicon court noted, "any analysis of infringement under the doctrine of equivalents *necessarily* deals with subject matter that is 'beyond,' 'ignored' by, and not included in the literal scope of a claim." Id. (emphasis in original). Thus, the relevant inquiry is whether the subject matter is "specifically excluded" from coverage such that its inclusion under the doctrine of equivalents is "somehow inconsistent with the language of the claim." Id.

A patentee must provide particularized testimony and linking argument as to the insubstantiality of the differences between the claimed invention and the accused device or process, or with respect to the function, way, result test when such evidence is presented to support a finding of infringement under the doctrine of equivalents. Such evidence must be presented on a limitation-by-limitation basis. "Generalized testimony as to the overall similarity between the claims and the accused infringer's product or process will not suffice." Tex. Inst., Inc. v. Cypress Semiconductor Corp., 90 F.3d 1558, 1567 (Fed. Cir. 1996).

This particularized testimony standard does not, however, require that an expert witness "re-start his testimony at square one when transitioning to a doctrine of equivalents analysis." Paice LLC v. Toyota Motor Corp., 504 F.3d 1293, 1305

(Fed. Cir.2007). Instead, an expert may incorporate earlier testimony, either explicitly or implicitly, into his doctrine of equivalents analysis. Id.

## IV. Analysis

### A. Axiom's Rule 50 Motion for Judgment as a Matter of Law

As noted, the jury returned a verdict of no literal infringement but found that Axiom willfully infringed the '552 patent under the doctrine of equivalents (Doc. 177). Under Fed. R. Civ. P. 50, Axiom moves for judgment as a matter of law that there was no legally sufficient evidentiary basis for the jury to find that Axiom infringed the '552 patent under the doctrine of equivalents.[2] Hako-Med responds that Axiom failed to preserve this issue and that the evidence presented to the jury at trial was sufficient to uphold the jury's determination concerning the doctrine of equivalents.

#### 1. Preservation of the Issues

Hako-Med argues that by orally moving for judgment as a matter of law on the issue of infringement generally prior to the verdict, Axiom failed to preserve its right to file a post-verdict motion for judgment as a matter of law on the issue of infringement under the doctrine of equivalents. (Doc. 184 at p. 3).

---

[2] Axiom reminds the Court that the Court included a jury instruction and question on the verdict form on the doctrine of equivalents over Axiom's objections. (Sept. 2, 2009, Trial Tr. 89:4-19, 120:12-18).

Hako-Med's argument that Axiom did not preserve its right to file a post-verdict motion for judgment as a matter of law on the issue of infringement under the doctrine of equivalents is contrary to binding Federal Circuit precedent. See, e.g., Tex. Inst., Inc., 90 F.3d at 1566 n.6 ("[W]e have held that an oral, pre-verdict motion requesting a directed verdict on the issue of noninfringement was sufficient to support a post-verdict motion concerning the doctrine of equivalents."); Malta v. Schulmerich Carillons, Inc., 952 F.2d 1320, 1324-25 (Fed. Cir. 1991) ("Malta argues that such general allegations of insufficiency of the evidence [on the issue of noninfringement] are insufficient to support a JNOV motion that was granted because of a lack of particularized function/way/result testimony and linking argument. We disagree.").

Based on the foregoing, the Court finds that Axiom properly preserved the issues raised in the Rule 50 motion for judgment as a matter of law under the doctrine of equivalents. This Court will now address whether the evidence adduced at trial supports the jury's verdict.

### 2. Sufficiency of the Evidence to Support the Verdict

Axiom asserts that it is entitled to judgment as a matter of law because Hako-Med presented only a literal infringement argument to the jury, and thus, the jury's verdict on the doctrine of equivalents is simply unsupportable. In addition, Axiom argues that, even if evidence supporting a finding of infringement under the doctrine

11

of equivalents was presented, Hako-Med failed to provide particularized testimony and linking arguments to support a finding of infringement under the doctrine of equivalents.

Hako-Med, on the other hand, claims that its case-in-chief included argument to the jury on both literal infringement and the doctrine of equivalents. In addition, Hako-Med asserts that the jury was able to determine the equivalency of the parties' competing devices after considering the testimony and respective demonstrations of the competing devices, the ProElecDT2000/VasoPulse2000 and EPS8000, offered by Hako-Med's expert, Dr. Hansjurgens and Axiom's expert, Dr. Feinberg.[3]

### a. Evidence of Literal Infringement vs. Evidence Concerning the Doctrine of Equivalents

Axiom is correct in its argument that Hako-Med presented a literal infringement case to the jury, rather than a case for infringement under the doctrine of equivalents. The Court's independent review confirms that, throughout the entire trial, outside of the jury instructions, Hako-Med only referenced "doctrine of equivalents" three times - once through its witness, Stephen Thomas, (Sept. 1, 2009,

---

[3] In addition, Hako-Med claims that the testimony of Dr. Hansjurgens, when considered with testimony from Axiom's expert, Dr. Feinberg and engineer, Scott Johnson, provided the jury with sufficient information to "essentially address Claim I of the patent so that the jury could infer infringement under the doctrine of equivalents." (Doc. 184 at p. 11).

Tr. 176:11-12) and twice, briefly, in closing arguments (Sept. 2, 2009, Trial Tr. 170:10-14; Sept. 2, 2009, Trial Tr. 198:19-23). The Court's review of the trial transcripts shows that Hako-Med asked the jury to consider Axiom's literal infringement of the '552 patent. (Aug. 31, 2009, Trial Tr. 16:6-7, "literal infringement of my client's patent"). It is also apparent that Hako-Med's case-in-chief did not directly include any argument under the doctrine of equivalents. Hako-Med made only three direct references to the doctrine of equivalents during the trial as a whole - in response to a direct question, Stephen Thomas provided Hako-Med's counsel with the name of the doctrine (Sept. 1, 2009, Trial Tr. 176:7-13) and counsel for Hako-Med referenced the doctrine twice during closing arguments (Sept. 2, 2009, Trial Tr. 170:10-14; Sept. 2, 2009, Trial Tr. 198:19-23).

### b. **Particularized Testimony and Linking Arguments**

Because Hako-Med did not directly argue that Axiom infringed under the doctrine of equivalents, the Court must determine whether the evidence presented during the trial contained sufficient information about the equivalency of the competing devices so that the jury was able to infer infringement under the doctrine of equivalents. In addition, the Court must determine whether Hako-Med articulated particularized arguments concerning the doctrine of equivalents or sufficiently linked this evidence in such a manner as to allow the jury to make a finding of infringement

13

under the doctrine of equivalents.

As will be seen below, to the extent that such evidence and argument was presented during trial, it was impermissibly subsumed into Hako-Med's case-in-chief about literal infringement. Even if presented, Hako-Med failed to provide sufficient particularized linking testimony required to support the jury's finding of infringement under the doctrine of equivalents.[4]

The Federal Circuit has held that, to support a finding of infringement under the doctrine of equivalents, a patentee must provide particularized testimony and linking argument as to the "'insubstantiality of the differences' between the claimed invention and the accused device or process, or with respect to the function, way, result test." Tex. Inst., 90 F.3d at 1567. "Such evidence must be presented on a limitation-by-limitation basis. Generalized testimony as to the overall similarity between the claims and the accused infringer's product or process will not suffice." Id.

---

[4] Axiom claims that the three references to the doctrine of equivalents Hako-Med made during the trial were not offered as part of a "linking" argument. The Court agrees. Certainly, Stephen Thomas's statement about the doctrine of equivalents was not. In response to a question from counsel about an alternative to literal infringement, Thomas simply provided counsel with the name of the doctrine. (Sept. 1, 2009, Trial Tr. 176:7-13). During closing arguments, Hako-Med referenced the doctrine twice (Sept. 2, 2009, Trial Tr. 170:10-14; Sept. 2, 2009, Trial Tr. 198:19-23); however, as Axiom notes, statements made during closing arguments are not evidence.

Hako-Med cites to the testimony of Dr. Hansjurgens, Dr. Feinberg, and Axiom's engineer, Scott Johnson, in support of its claims that Axiom's motion for judgment as a matter of law under the doctrine of equivalents must fail. The Federal Circuit requires the patentee to "present argument linking the evidence equivalents to the three legal elements of function, way, and result." Koito Mfg. Co. v. Turn-Key-Tech, LLC, 381 F.3d 1142, 1152 n.4 (Fed. Cir. 2004). In addition, the Federal Circuit has also found that the evidence must "raise separate and distinct arguments for infringement under the doctrine of equivalents." nCube Corp. v. Seachange Int'l, Inc., 436 F.3d 1317, 1325 (Fed. Cir. 2006). Or stated differently, the alleged "evidence and argument on the doctrine of equivalents cannot merely be subsumed in plaintiff's case of literal infringement." Lear Siegler, Inc. v. Sealy Mattress, Co., 873 F.2d 1422, 1425 (Fed. Cir. 1989).

Here, the evidence that Hako-Med claims to support a finding of infringement under the doctrine of equivalents was subsumed into Hako-Med's primary case of literal infringement. Hako-Med presented no separate and distinct arguments for infringement under the doctrine of equivalents. The testimony that Dr. Hansjurgens, Dr. Feinberg, and Scott Johnson presented was insufficiently linked to the claims set forth in the '552 patent during trial as required by the Federal Circuit. Although Federal Circuit precedent:

15

> does not go so far as to require recitation of the magic words "function," "way," and "result," we think that it at least requires the *evidence* to establish *what* the function, way, and result of *both* the claimed device and the accused device are, and *why* those functions, ways and results are substantially the same.

Malta 952 F.2d at 1327 n.5 (emphasis in original). The arguments that Hako-Med presents to the Court against judgment as a matter of law are the type of linking arguments that it should have made directly to the jury during the three-day trial. Hako-Med's attempt to weave sporadic witness testimony together post-trial to demonstrate to the Court what the jury may have inferred from its presentation during the trial is unavailing. In fact, it is this exact type of post-hoc rationalization that the Federal Circuit sought to avoid when it required particularized testimony or linking arguments as part of any presentation under a doctrine of equivalents theory. Tex. Inst., 90 F.3d at 1567.

In this case, Hako-Med failed to clearly demonstrate how any element of Axiom's accused device performed substantially the same function as that claimed in the '552 patent, so as to achieve substantially the same result - during it case-in-chief or through Axiom's presentation. Regardless of the witnesses' testimony presented and the device demonstrations, Hako-Med failed to provide the jury with any means to determine whether the accused device was equivalent to the claimed device. It is this failure that requires the Court to grants Axiom's motion for judgment as a matter

16

of law under the doctrine of equivalents.

Thus, the Court hereby **VACATES** the jury's verdict (Doc. 177) and the judgment entered against Axiom on September 23, 2009. (Doc. 187). The parties are directed to file with the Court, within ten days of the date of this Order, how they would like to proceed with reference to the patent infringement claims.

### B. Axiom's Motion for Judgment as a matter of law, Remittitur or New Trial on Reasonable Royalty

Axiom's Motion for Judgment as a Matter of Law that There is No Evidentiary Basis for the Jury's Finding of a Reasonable Royalty, or in the Alternative to Amend the Jury's Royalty Finding on Remittitur, or in the Alternative for a New Trial (Doc. 179) is **DENIED** as **MOOT** in light of the Court's finding in Axiom's favor on the issue of infringement under the doctrine of equivalents.

### C. Hako-Med's Motion for Permanent Injunction and Final Judgment

Prior to trial, the Court entered a preliminary injunction (Doc. 63) against Axiom finding that there existed a substantial likelihood that Hako-Med would be able to prove that Axiom had infringed on Hako-Med's trademark. As noted above, at the conclusion of the trademark bench trial, Axiom agreed to the entry of a permanent injunction and did not file a memorandum in opposition to Hako-Med's motion for a permanent injunction. Accordingly, the Court finds that:

1. A permanent injunction **IS ISSUED** as to Axiom's use of the registered

trademark VASOPULSE®, and Axiom is permanently enjoined and prohibited from using the VASOPULSE® name, trademark, or logo in any manner on any of its products, marketing materials, advertising materials, manuals, or any other written materials describing their electrical nerve stimulation device.

2. The Clerk of Court is directed to file a "REPORT ON THE FILING OR DETERMINATION OF AN ACTION REGARDING A PATENT OR TRADEMARK," Form AO 120, with the United States Trademark & Patent Office.

## V. Conclusion

Accordingly, it is hereby

**ORDERED**, **ADJUDGED** and **DECREED** that:

1. Axiom's Motion for Judgment as a Matter of Law of No Infringement Under the Doctrine of Equivalents (Doc. 178) is **GRANTED**. The jury's verdict (Doc. 177) and the Judgment entered against Axiom on September 23, 2009 (Doc. 187) are **VACATED**. The parties are directed to file with the Court, within ten days of the date of this Order, a memorandum addressing how they would like to proceed with reference to the patent infringement claims.

2. Axiom's Motion for Judgment as a Matter of Law that There is No Evidentiary Basis for the Jury's Finding of a Reasonable Royalty, or in the Alternative to Amend the Jury's Royalty Finding on Remittitur, or in the Alternative

for a New Trial (Doc. 179) is **DENIED** as **MOOT** in light of the Court's finding in Axiom's favor on the issue of infringement under the doctrine of equivalents.

    3.    Hako-Med's Motion for Entry of Injunctive Relief and Final Judgment (Doc. 195) is **GRANTED** as specified herein.

    **DONE** and **ORDERED** from Chambers, in Tampa, Florida, on this the 29th day of April 2010.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to:

Counsel of Record