UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HAKO-MED USA, INC., and HAKO-MED
GMBH,

      Plaintiffs,
v.                            Case No.:  8:06-cv-1790-T-33EAJ

AXIOM WORLDWIDE, INC.,

      Defendant.
_____/

**<u>ORDER</u>**

This cause is before the Court pursuant to Plaintiffs' Motion for Relief from Order Granting Defendant's Motion for Judgment as a Matter of Law at Doc. 199 (Also Doc. 201 Amending Same) with Request for Reinstatement of Final Judgment at Doc. 187, and Request for Reconsideration as to Failure to Grant Motion for Entry of Final Judgment for Injunctive Relief at Doc. 195 or in the Alternative, Motion for New Trial (the "Reconsideration Motion" Doc. 204), which was filed on May 10, 2010. Defendant filed a Response in Opposition to the Reconsideration Motion on May 18, 2010. (Doc. 205). For the reasons that follow, the Reconsideration Motion is due to be **DENIED**.

**I.   Background**

On September 28, 2006, Hako-Med filed a motion for injunctive relief and requested that this Court enjoin Axiom from continuing to market and/or sell Axiom's electrical nerve stimulation medical device entitled EPS8000/NVP8500 (Doc. 2). Simultaneously with the motion for a preliminary injunction, Hako-Med filed a complaint and asserted claims against Axiom that included patent infringement in violation of United States Patent Laws, 35 U.S.C. § 271, *et seq.*, and trademark infringement arising under the Lanham Act, 15 U.S.C. § 1114 (Doc. 6).

Prior to transferring this case to the undersigned, Judge James Whittemore adopted, with slight modifications (Doc. 63), Magistrate Judge Elizabeth Jenkins' Report and Recommendation (Doc. 50), which granted Hako-Med's request for a preliminary injunction on its trademark infringement claim only.

Dr. Achim Hansjurgens, a resident of Germany, is the holder of United States Patent No. 5,573,552 (the "'552 patent") which was issued by the United States Patent Office on November 12, 1996. The '552 patent is for an electrotherapeutic apparatus that "operates in the medium frequency range between 1000 Hz and 100,000 Hz, with paired,

diametrically opposed electrodes applied in relation to a body part to be treated." (Trial Ex. 1).

Physicians use electrotherapy machines such as the one described in the patent to treat patients with various medical infirmities; the primary market for these machines consists of medical doctors and chiropractors. The patent describes the effects of the electrical stimulation device as pain alleviation, stimulation of striated and nonstriated muscles, influencing perfusion, the detumescent mechanisms, the checking of inflammatory processes, and promoting regeneration of, for example, wounds and accelerated healing of bones. (Amended Compl., Ex. 1).

GMBH is a privately owned German company established in 1991 by Dr. Hansjurgens and his former partner, Koch GMBH (Doc. 4; Doc. 27 at p. 3). In 2002, Kai Hansjurgens established Hako-Med USA, an affiliate of GMBH, that markets and sells the electrotherapeutic apparatus in the United States (Doc. 5; Doc. 27 at p. 3). Hako-Med refers to the device's technology as internationally patented "Horizontal Therapy," which is the core of Hako-Med's product and what makes its product stand out in the niche industry of electromedicine. Plaintiffs market and sell this technology in the form of a machine called the ProElecDT2000/VasoPulse2000.

On October 3, 2000, the United States Patent and Trademark Office provided Hako-Med with a certificate of registration for the mark VASOPULSE®, United States Trademark Registration No. 2,390,719 (the "'719 mark"). Hako-Med USA uses the VASOPULSE® name in marketing its electrotherapy product.

Axiom competes with Hako-Med in the electromedicine care market. Axiom began marketing and selling its EPS8000/NVP8500 product on July 28, 2005. It is undisputed that Axiom's machine directly competes with Hako-Med's machine for the same share of the electrotherapy market.

Pursuant to the parties' renewed joint motion for bifurcation, the Court bifurcated the case - the jury considered Hako-Med's patent infringement claims and the Court considered the trademark infringement claim. After hearing testimony from witnesses and argument from counsel on the trademark infringement claim, the Court found that Axiom had infringed upon Hako-Med's trademark and ordered that the temporary injunction imposed earlier in the case become permanent. Specifically, Hako-Med moved for a permanent injunction as to Axiom's EPS8000 device manufactured before November 2006. Axiom stipulated to this entry of a permanent injunction. (Sept. 3, 2009, Trial Tr. 20:1-21:19).

At the close of Plaintiffs' case-in-chief, Axiom's counsel moved for judgment as a matter of law on the issue of infringement under the doctrine of equivalents (Sept. 1, 2009, Trial Tr. 166: 13-20 and 167:18-25). The Court reserved ruling on Axiom's request. (Sept. 1, 2009, Trial Tr. 169:3-6). Axiom renewed its motion for judgment as a matter of law concerning the issue of infringement under the doctrine of equivalents as being unsupported by the evidence at the conclusion of the case. (Sept. 2, 2009, Trial Tr. 53:17).

At the conclusion of the trial on the patent infringement claims, the jury returned a verdict of no literal infringement but found that Axiom willfully infringed the '552 patent under the doctrine of equivalents. The jury awarded Hako-Med $450,000.00 as a reasonable royalty for Axiom's sale of its infringing device. At the conclusion of the trial, Axiom timely filed written post-verdict motions for judgment as a matter of law, to which Hako-Med responded and Axiom replied.

On April 29, 2010, this Court entered an Amended Order (Doc. 201) that granted Axiom's Motion for Judgment as a Matter of Law of No Infringement Under the Doctrine of

Equivalents (Doc. 178).[1]  The Amended Order also vacated the jury's verdict (Doc. 177) and the Judgment entered against Axiom (Doc. 187).  In addition, the Amended Order granted Hako-Med's Motion for Entry of Injunctive Relief and Final Judgment (concerning trademark infringement) (Doc. 195).

In the Amended Order, the Court determined that Axiom was entitled to a Rule 50, Fed.R.Civ.P., judgment as a matter of law on Hako-Med's patent infringement claims because Hako-Med only presented a theory of literal infringement to the jury, and the jury's finding of infringement under the doctrine of equivalents was unsupported by the evidence presented at trial. (Doc. 210 at 12-19).  Along these lines, the Court determined, "Hako-Med failed to provide the jury with any means to determine whether the accused device was equivalent to the claimed device." (Doc. 201 at 16).

## II. Reconsideration of the Amended Order

### A. The Reconsideration Motion

Plaintiffs argue that the Court lacked jurisdiction to enter the Amended Order.  Specifically, Plaintiffs argue that

---

[1] The Amended Order (Doc. 201) amended the Court's Order entered on April 28, 2010, addressing the same motions. (Doc. 199).  The Amended Order is identical to the Court's April 28, 2010, order except that, in Amended Order, line IV. C. 3 on page 18 was deleted.

it was an abuse of discretion for this Court to enter the Amended Order more than 180 days after the September 23, 2009 Judgment in favor of Plaintiffs. Plaintiffs contend that the Court's Amended Order is procedurally void. Procedural issues aside, Plaintiffs also argue that the Court's Amended Order was decided wrongly on the merits.

### B. **Legal Standard**

As stated in <u>Florida College of Osteopathic Medicine, Inc. v. Dean Witter Reynolds, Inc.</u>, 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998), "A motion for reconsideration must demonstrate why the court should reconsider its past decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Further, "in the interests of finality and conservation of scarce judicial resources, reconsideration is an extraordinary remedy to be employed sparingly." <u>Lamar Adver. of Mobile, Inc. v. City of Lakeland</u>, 189 F.R.D. 480, 489 (M.D. Fla. 1999).

This Court recognizes three grounds to justify reconsideration of a prior order: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." <u>Fla. College of Osteopathic Med., Inc.</u>, 12 F. Supp. 2d at 1308. Further, as explained in <u>Ludwig v. Liberty Mutual Fire</u>

Ins. Co., Case No. 8:03-cv-2378-T-17MAP, 2005 U.S. Dist. LEXIS 37718, at *8 (M.D. Fla. Mar. 30, 2005), "This Court will not reconsider its judgment when the motion for reconsideration fails to raise new issues but, instead, relitigates that which the Court previously found lacking." Id. at *9-10. In addition, "a motion for reconsideration is not the proper forum for the party to vent dissatisfaction with the Court's reasoning." Id. at *11. (citation omitted).

Plaintiffs' arguments do not concern an intervening change in the law nor do they pertain to the discovery of new evidence; rather, Plaintiffs assert that reconsideration is needed to correct clear error or manifest injustice. The Court has carefully analyzed Plaintiffs' contentions and determines that they are without merit.

### 1. **Procedural Issues**

Plaintiffs argue that the Amended Order is null and void because the Court entered such Order more than 180 days after the Clerk entered a judgment in favor of Plaintiffs. Plaintiffs contend that the judgment was final, and the Court lacked jurisdiction to vacate such judgment. Plaintiffs rely on Rules 58(b) and 79 of the Federal Rules of Civil Procedure in support of this argument.

Defendant, on the other hand, argues that Plaintiffs are "just making this procedural 'requirement' up" and, this Court agrees. (Doc. 205 at 2). The Court has jurisdiction to enter an order vacating a judgment in a civil case under Rule 50 of the Federal Rules of Civil Procedure, even if such order is filed 180 days after the entry of the judgment being vacated. Plaintiffs argue, "just as litigants are subject to deadlines, so are district courts such that parties are not languishing as to appeal dates;" however, the Court determines that the "deadline" Plaintiffs are focusing on in the Reconsideration Motion is not applicable in this instance. (Doc. 204 at 9)

The Court determines that the deadline at issue here is contained in Federal Rule of Appellate Procedure 4(a)(4)(A), which states:

> If a party timely files in the district court any of the following motions under the Federal Rules of Civil Procedure, the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion:
> (i) for judgment under Rule 50(b);
> (ii) to amend or make additional factual findings under Rule 52(b), whether or not granting the motion would alter the judgment;
> (iii) for attorney's fees under Rule 54 if the district court extends the time to appeal under Rule 58;
> (iv) to alter or amend the judgment under Rule 59;
> (v) for new trial under Rule 59; or
> (vi) for relief under Rule 60 if the motion is filed no later than 28 days after the judgment is entered.

See, e.g., Wright v. Preferred Research Inc., 937 F.2d 1556, 1561 (11th Cir. 1991)("Pursuant to Fed.R.App.P. 4(a)(4), the time for appeal was tolled while Preferred's various motions were pending.  Once the district court fully disposed of those motions, the time for appeal began to run again.") The Wright court explained that "the combined effect of Fed.R.App.P. 4 and Fed.R.App.P. 58 provide certainty regarding when notices of appeals must be filed." Id.

Plaintiffs fail to mention that the now vacated judgment (Doc. 177) was a contingent one.  That is, in the Court's Order directing the Clerk to enter Judgment in Plaintiffs' favor, the Court indicated, "Also before the Court are Defendant's Motions for Judgment as a Matter of Law on the issues of Infringement and Reasonable Royalty damages. (the 'Motions,' Docs. 178 and 179).  The Court will address the Motions by separate Order.  The parties should be aware that the relief provided in this Order is subject to the Court's ultimate disposition of the Motions." (Doc. 186 at 1, n.1)(emphasis added).

In the Amended Order, the Court granted Defendant's Motion for Judgment as a Matter of Law (Doc. 179), and such Amended Order was neither procedurally improper nor void, as

characterized by Plaintiffs. Rather, the Court's decision to enter judgment in favor of Plaintiffs despite Defendant's post-trial motions was procedurally proper and supported by "the policy underlying the prompt entry of judgment." Kiphart v. Saturn Corp., 251 F.3d 573, 587 (6th Cir. 2001).

Though not an Eleventh Circuit case, the Court finds the Kiphart case particularly instructive. In Kiphart, an ADA case, the jury entered a verdict in the plaintiff's favor after a trial. The court delayed entering a judgment in the plaintiff's favor and, six months later, granted a motion for judgment as a matter of law filed by the defendant after the trial. The court determined that it was an error for the court to delay entering judgment in the plaintiff's favor, ruling:

> Rule 58 of the Federal Rules of Civil Procedure gives a trial court discretion as to when a general verdict of a jury should be entered . . . General principles of equity dictate a court's exercise of this discretion must be balanced with fairness to the parties. Moreover, as one of our sister courts has noted, the language of Rule 58–"the clerk . . . shall **forthwith** prepare, sign, and enter the judgment **without awaiting any direction by the court**" – together with the "policy underlying the prompt entry of judgment" auger in favor of entering a verdict when given, notwithstanding any pending motion for judgment as a matter of law.

Id. (citing Marshall v. Perez-Arzuaga, 866 F.2d 521, 523 n.8 (1st Cir. 1989)(quoting 6A James Wm. Moore, et al., Moore's Federal Practice 58.04[2](3d ed. 1999))(emphasis in original).

If the Court were to have delayed entry of judgment until the resolution of Defendants' post-trial motions, such conduct would have constituted an abuse of this Court's discretion. Thus, the Court determines that Plaintiffs' arguments concerning the procedural aspects of the Court's Amended Order are unavailing, and the Court denies the Motion for Reconsideration to the extent the Motion argued procedural defects.

**2. Merits Analysis**

In addition to advancing a procedural attack on the Court's Amended Order, Plaintiffs also attempt to show that the Amended Order was decided wrongly on the merits. Specifically, Plaintiffs argue (1) that Defendant failed to preserve its right to file post-trial motions; and (2) that the Court's analysis of the doctrine of equivalents was flawed.

The Court determines that both of Plaintiffs' merits-based arguments are a mere rehash of the arguments presented in response to Defendants' post-trial motions. This Court devoted significant analysis to these arguments in the Amended

Order, and sees no reason to repeat its detailed analysis here. "This Court will not reconsider its judgment when the motion for reconsideration fails to raise new issues but, instead, relitigates that which the Court previously found lacking." Ludwig, 2005 U.S. Dist. LEXIS 37718, at *9-10.

Thus, the Court denies the Reconsideration Motion to the extent Plaintiffs assert that the Amended Motion was wrongly decided on the merits.

### III. **Request for a New Trial**

Rule 59 of the Federal Rules of Civil Procedure does not list all of the grounds for a new trial, but instead generally provides that a new trial may be granted "on all or some of the issues . . . to any party . . . after a jury trial, for any reason for which a new trial has heretofore been granted in a suit in equity in federal court." Id.

The Supreme Court noted that a party may seek a new trial on grounds that "the verdict is against the weight of the evidence, that damages are excessive, or that, for other reasons, the trial was not fair to the party moving; and may raise questions of law arising out of alleged substantial errors in admission or rejection of evidence or instructions to the jury." Montgomery Ward & Co. v. Duncan, 311 U.S. 243, 251 (1940).

Plaintiffs appear to request a new trial without an instruction to the jury concerning infringement under the doctrine of equivalents:

> With the "willfulness" finding by the jury, no one can say that the jury was not steered away from finding literal infringement where the defense boiled down to "in synchronism" portion of claim 1 and the doctrine of equivalents jury instruction was simple to understand by a reasonable prudent person given that the defense fought the case on the "in synchronism" phrase of the very last portion of claim 1 of the 522 patent and no other part of claim 1 was attacked.

(Doc. 204 at 13)

In addition, Plaintiffs argue "there is prejudice to the Plaintiffs to proceed to appeal to the Federal Circuit without the Court making a conditional ruling on the issue of damages and the Court should enter an Order as to a conditional finding with respect to Defendant's motion for new trial on royalty damages." (Id. at 14).

Plaintiffs point out that Defendant is now "out of business" and that Defendant has listed Plaintiffs as creditors on Defendant's Assignment for the Benefit of Creditors. (Id.)

The Court has carefully evaluated Plaintiffs' position and determines that a new trial is not warranted. The Court agrees with Defendant that Plaintiffs' request for a new trial

is moot and "Plaintiffs do not explain how they would be prejudiced by the Court not making a conditional ruling on a request in the alternative for a new trial." (Doc. 205 at 10).

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiff's Reconsideration Motion and Motion for a New Trial (Doc. 204) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 28th day of May 2010.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to: All Counsel of Record